Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants City of Powell, Wyoming, Roy Eckerd, and Matt McCaslin, in their official capacities, as to any federal law claims, and Tiffany Brando and Zack Thorington, both in their individual and official capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RYAN DAVIS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-CV-230-S |
| v. | ) | |
| | ) | |
| THE CITY OF POWELL, WYOMING, | ) | |
| and ROY ECKERDT, CHIEF OF POLICE, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and MATT MCCASLIN, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and TIFFANY BRANDO, | ) | |
| HUMAN RESOURCE DIRECTOR AND | ) | |
| CITY CLERK, in her official capacity as such | ) | |
| and in her individual capacity, and ZACK | ) | |
| THORINGTON, CITY ADMINISTRATOR, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and JOHN DOE(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY DEFENDANTS' MEMORANDUM IN SUPPORT OF 12(b)(6)
## MOTION TO DISMISS COMPLAINT

COMES NOW Defendants[1] City of Powell, Wyoming, Roy Eckerd and Matt McCaslin, in their official capacities, as to any federal law claims, and Tiffany Brando and Zack Thorington, both in their individual and official capacities (hereinafter "City Defendants"), by and through their attorney, and submits this Memorandum in Support of Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). In support thereof, the City Defendants state and allege as follows.

## I.       PLAINTIFF'S COMPLAINT

Ryan Davis (hereinafter "Plaintiff") filed his Verified Complaint (hereinafter "complaint") on December 5, 2023. [ECF No. 1]. Plaintiff's complaint contains what purports to be thirteen (13) different claims for relief or causes of action. A liberal reading of Plaintiff's complaint would include six (6) claims being brought pursuant to federal law and seven (7) claims being brought pursuant to state law. Plaintiff's complaint also includes more than twenty pages of alleged facts, photographs, and newspaper articles, much of which are irrelevant to the claims made in this case. This motion to dismiss is directed towards all federal and state law claims set forth in Plaintiff's complaint brought against the City Defendants.

---

[1] Counsel represents Roy Eckerdt and Matt McCaslin regarding federal law "official capacity" claims. Counsel is not representing Roy Eckerdt or Matt McCaslin concerning claims against them in their "individual capacity" or in regard to any state law claims asserted against them.

## II.    STANDARD OF REVIEW

This Court has articulated the appropriate standard of review for a Rule

12(b)(6) motion to dismiss. The two-step approach that the Court applies is as

follows:

> "The standard of review for a Rule 12(b)(6) motion to dismiss applies here. In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss. See 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.* at 678, and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id*.
>
> Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. See *id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679."

*Wells Fargo Bank N.A. v. N. Rockies*, Case No. 12-cv-221-ABJ, 2013 U.S. Dist.

LEXIS 208058 (D. Wyo. January 29, 2013).

Furthermore, a complaint such as Plaintiff's which fails to allege facts to demonstrate a defendant's involvement is insufficient.

> "Although this standard does not require "detailed factual allegations," it does require "more than an unadorned, the Defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. The United States Supreme Court has been particularly critical of complaints which are vague on specifics and leave defendants little idea where to begin when responding to conclusory allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 565 n.10; *Robbins v. Oklahoma*, 519 F.3d at 1248. A complaint such as Plaintiff's that "mention[s] no specific time, place, or person involved" in the alleged events, *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 565 n.10, provides insufficient information to enable a defendant to respond."

*Roeber v. Gateway Found.*, Case No. 19-cv-200-ABJ, 2020 U.S. Dist. LEXIS 164907, p. 15 (D. Wyo. August 17, 2020).

Finally, complaints that simply provide "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). City Defendants assert that Plaintiff's complaint is not legally sufficient to state a claim for which relief may be granted and cannot survive the Court's two-step review regarding City Defendants' motion to dismiss.

## III.   ANALYSIS

### A. Summary of argument

Even with a liberal reading of Plaintiff's complaint, the complaint does not contain sufficient factual matters, which if accepted as true, would state a claim for relief that is plausible on its face. Instead, Plaintiff's complaint contains legal conclusions without factual support and therefore does not meet the standard set forth in *Ashcroft v. Iqbal*. As the U.S. Supreme Court noted in the *Iqbal* decision, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice".  See 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  City Defendants assert that Plaintiff's complaint fails to plead sufficient facts to plausibly support a claim for relief against City Defendants. Therefore, Plaintiff's complaint should be dismissed as to those claims against the City Defendants.

### B. State law claims

#### i.    State law claims are controlled by Wyoming law.

Plaintiff's complaint alleges tortious conduct by employees of the Defendant City of Powell. Whether or not an employee of Defendant City of Powell is liable for his or her alleged tortious conduct is governed by Wyoming law. "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to

predict how that high court would rule." *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070,1077 (10th Cir. 2007). The 10th Circuit Court of Appeals has addressed its interpretation of the Wyoming Governmental Claims Act (hereinafter "WGCA") and found that Wyoming law as defined by the Wyoming Supreme Court controls the federal court's interpretation. *Moreno v. Zimmerman*, 2023 U.S. App. LEXIS 19053, *13 (10th Cir. July 26, 2023).

## ii. Immunity pursuant to the WGCA.

In enacting the WGCA in 1979, the Wyoming state legislature "abrogated the common law of sovereign immunity in Wyoming and established sovereign immunity as a legislative construct." *Campbell Cnty. Mem'l Hosp. v. Pfeifle*, 2014 WY 3, 317 P.3d 573, 578 (Wyo. 2014). The WGCA "provides broad governmental immunity from tort liability." *Varela v. Goshen County Fairgrounds*, 2020 WY 124, ¶ 13, 472 P.3d 1047, 1052 (Wyo. 2020) (quoting *Fugle v. Sublette Cty. Sch. Dist. No. 9*, 2015 WY 98, ¶ 6, 353 P.3d 732, 734 (Wyo. 2015)). As "a closed-end tort claims act," "it bars any claim against a governmental entity or its employees unless it falls within one of the statutory exceptions." *Id*. ¶ 13, 472 P.3d at 1052-53 (citing *Craft v. State ex rel. Wyo. Dep't of Health*, 2020 WY 70, ¶ 27, 465 P.3d 395, 403 (Wyo. 2020)). Under the WGCA governmental entities and their public employees acting within the scope of their duties are generally immune from liability for the torts they commit. See Wyo. Stat. § 1-39-104(a) ("A governmental entity and its public

employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1-39-105 through 1-39-112."). However, certain enumerated activities are excepted from the general immunity rule. See Wyo. Stat. §§ 1-39-105 to -112.

### iii.   Defendants City of Powell, Brando and Thorington are immune from liability.

As to any alleged tortious conduct of Defendants Brando and Thorington, Plaintiff's complaint fails to allege any facts which would suggest that there is a waiver to their governmental immunity under the WGCA. Plaintiff's complaint alleges that the City of Powell, Wyoming, is a governmental entity. Plaintiff's complaint also alleges that Defendant Brando was both the Human Resources Manager and the City Clerk for the City of Powell. Plaintiff's complaint goes on to allege that Defendant Thorington was the City Administrator for the City of Powell. [ECF No. 1, p. 5]. Plaintiff's complaint then goes on to allege that Defendants Brando and Thorington participated in Plaintiff's wrongful termination from the City of Powell. *Id.* at pp. 4, 8-10. Plaintiff's complaint alleges tortious conduct of governmental employees in the course and scope of their employment, therefore, the WGCA is applicable to this analysis.

In analyzing Plaintiff's state law claims of "gross negligence or willful or wanton misconduct" (seventh claim); implied covenant of good faith and fair dealing (tenth claim); negligence (eleventh claim); and intentional infliction of emotional

distress (twelfth claim) against Defendant Brando and Thorington, it is evident that there is no exception to their immunity under the WGCA. (See, *Hoff v. City of Casper-Natrona County Health Dep't*, 2001 WY 97, 33 P.3d 99 (Wyo. 2001)). See also, Wyo. Stat. § 1-39-118(d). Plaintiff's complaint contains no reference to the alleged exception under the WGCA which would act as a waiver to Defendant Brando and Thorington's governmental immunity. Plaintiff's seventh, tenth, eleventh, and twelfth claims against City Defendants Powell, Brando and Thorington should be dismissed.

### iv. Plaintiff fails to plead sufficient facts to support a claim for breach of contract or promissory estoppel against Defendant City of Powell.

Plaintiff's eighth and ninth claims are pled as breach of contract (eighth claim) and promissory estoppel (ninth claim). [ECF No. 1, pp. 28-30]. The basic elements of a contract are offer, acceptance, and consideration. *Frost Construction Company v. Lobo, Inc.*, 951 P.2d 390, 394 (Wyo. 1998). "When these elements have been established, 'courts conclude that there has been a meeting of the minds and an enforceable contract exists.'" *McCormick v. McCormick*, 926 P.2d 360, 362 (Wyo. 1996) (quoting *Idaho Migrant Council, Inc. v. Warila*, 890 P.2d 39, 41 (Wyo. 1995)). "'An unconditional, timely acceptance of an offer, properly communicated to the offeror, constitutes a meeting of the minds of the parties and establishes a contract.'" Id. (quoting *Wyoming Sawmills, Inc. v. Morris*, 756 P.2d 774, 775 (Wyo. 1988)).

To establish a prima facie case for breach of contract, a plaintiff must show: (1) "a lawfully enforceable contract," (2) "an unjustified failure to timely perform all or any part of what is promised therein," and (3) "entitlement of [the] injured party to damages." *Halling v. Yovanovich*, 2017 WY 28, ¶ 13, 391 P.3d 611, 616-17 (Wyo. 2017).

Plaintiff's complaint fails to plead sufficient facts to establish a legally enforceable contract. [ECF No. 1, pp. 28-29]. Without sufficient facts to allege a legally enforceable contract, there can be no claim for breach of contract.

Plaintiff's complaint also includes a claim for promissory estoppel. *Id.* at pp. 29-30. Plaintiff's complaint alleges that Plaintiff "relied upon the fact that he could be accommodated by receiving ample time to recover from his disability and resume his normal policing duties. His reliance was to his detriment." *Id*. at p. 30. Plaintiff's promissory estoppel claim includes factual allegations that appears to allege violation of the "Americans with Disabilities Act." *Id.* at p. 29.

The elements of promissory estoppel are: (1) "the existence of a clear and definite promise which the promisor should reasonably expect to induce action by the promise;" (2) "proof that the promisee acted to its detriment in reasonable reliance on the promise;" and (3) "a finding that injustice can be avoided only if the court enforces the promise." *City of Powell v. Busboom,* 2002 WY 58, ¶ 8, 44 P.3d 63, 66 (Wyo.2002). Promissory estoppel applies only in the absence of a valid

contract. Although Fed. R. Civ P. 8(d)(2) allows a plaintiff to plead alternative causes of action, Plaintiff in this case has not done so. Plaintiff's complaint fails to state sufficient facts for a claim of promissory estoppel which is necessary to survive City Defendants motion to dismiss. This Court should grant City Defendant's motion to dismiss Plaintiff's claims for breach of contract and promissory estoppel.

### v. Plaintiff's notice of claim is not in compliance with Wyo. Stat. § 1-39-113(a).

There are certain procedural requirements under Wyoming law in suing a governmental entity or a public employee under the WGCA. Among those procedural requirements is the notice-of-claim requirement specified in Wyo. Stat. § 1-39-113(a), which provides the following:

> (a)   No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
>
> > (i) Not reasonably discoverable within a two (2) year period; or
> > (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

As characterized by the Wyoming Supreme Court, the notice-of-claim requirement of Wyo. Stat. § 1-39-113(a) is a "condition precedent" to bringing suit under the WGCA. *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, 331 P.3d 1174,

1188 (Wyo. 2014). Accordingly, failure to file a claim in compliance with the WGCA's notice-of-claim requirement typically will result in dismissal. *Id.*; see also *Duran v. Bd. of Cnty. Comm'rs of Sweetwater Cnty.*, 787 P.2d 971, 974 (Wyo. 1990).

As to any allegations in Plaintiff's complaint that are construed to be state law tort claims, the Plaintiff failed to comply with the notice of claim requirements of Wyo. Stat. § 1-39-113(a) which is a "condition precedent" to bringing suit under the Wyoming Governmental Claims Act (hereinafter "WGCA"). Specifically, Plaintiff failed to present an itemized statement in writing to the City of Powell as required by Wyo. Stat. § 1-39-113(a). Instead, Plaintiff's notice of claim requests compensation of $1,100,000 without any itemization or categorization of his alleged damages. Furthermore, Plaintiff indicates that, "if litigation commences, that demanded amount will most likely change." Plaintiff's request for compensation is speculative at best and Plaintiff has never supplemented his compensation request since filing this lawsuit. Plaintiff's notice of claim does not meet the requirements of Wyo. Stat. § 1-39-113(a).

It should also be noted that neither Plaintiff's notice of claim, nor his complaint contain any reference to the specific statutory exception(s) to immunity under the WGCA that he is relying upon in alleging state law tort claims against Defendants City of Powell, Brando and Thorington. Plaintiff's state law tort claims

against City Defendants should be dismissed based upon Plaintiff's failure to comply with the notice of claim requirements.

### C. Federal Law Claims

#### i. Plaintiff's first and second claims of discrimination brought pursuant to 42 U.S.C. § 1983 should be dismissed.

Plaintiff's first and second claims for relief are brought against all Defendants pursuant to 42 U.S.C. § 1983. Claim one is couched as wrongful termination "in violation of, and as a deprivation of rights, under the Americans with Disabilities Act". [ECF No. 1, pp. 21-22]. Claim two is also brought pursuant to 42 U.S.C. § 1983 and is couched as "retaliation under the Americans with Disabilities Act." *Id.* at pp. 22-23. A suit against Defendants Brando, Thorington, Eckerdt and McCaslin in their "official capacities" in addition to suing the City of Powell is "unnecessarily redundant" as "official capacity" suits generally represent only another way of pleading an action against an entity of which an officer is an agent. *Van Dam v. Town of Guernsey*, 2021 U.S. Dist. LEXIS 87070, *13 (D. Wyo., May 4, 2021). Thus, any 42 U.S.C. § 1983 "official capacity" claims against Defendants Brando, Thorington, Eckerdt and McCaslin should be dismissed.

City Defendants also assert that Plaintiff is precluded from bringing a Section 1983 action against Defendant City of Powell, or any of the named Defendants in their "individual capacity" if that claim is predicated upon Title I of the ADA. Although the 10th Circuit Court of Appeals has not directly addressed this issue,

other court have found that Title I of the ADA, which incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964, does not permit a cause of action pursuant to Section 1983 for violation of its provisions. See *Lener v. Hempstead Pub. Sch.*, 55 F. Supp. 3d 267, 281 (E.D.N.Y. 2014) ("to the extent [plaintiff's] claim of disability discrimination is premised upon the substantive rights provided by [Title I] of the ADA, the claim is not actionable under § 1983"); *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014) ("[plaintiff's] claim that she was constructively discharged on the basis of her disability is not actionable under § 1983"); *Brown v. Research Found. of SUNY*, 2009 U.S. Dist. LEXIS 45971, 2009 WL 1504745, *10 (N.D.N.Y. 2009) ("[b]ecause Title VII, the ADA, and the ADEA contain their own structure for private enforcement, [p]laintiff may not bring a § 1983 claim premised upon the substantive rights provided by these statutes"), aff'd, 381 F. App'x 119 (2nd Cir. 2010); cf. *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2nd Cir. 2004) ("[a] § 1983 action may not, however, be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement, such as Title VII"). *Freeman v. Rochester Psychiatric Ctr.*, 2018 U.S. Dist. LEXIS 148324, *9-10. See also *Holbrook v. City of Alpharetta*, 112 F.3d 1522, l530; 1997 U.S. App. LEXIS 11910, **24 (11th Cir. 1997) (a plaintiff may not maintain a section 1983 action in lieu of-or in addition to a ADA action).

Furthermore, the named Defendants have no liability for discrimination under the ADA as the 10tth Circuit has held that the ADA precludes such a suit.

> Accordingly, we now hold that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition. Not only is our position consistent with the majority of federal circuit and district courts that have considered the issue of individual supervisor liability under Title VII and the ADEA, see, e.g., Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997) (Title VII); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (Title VII); [**17] Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995) (Title VII); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (Title VII and ADEA); Birkbeck, 30 F.3d at 511 (ADEA); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.) (Title VII), cert. denied, 513 U.S. 1015, 130 L. Ed. 2d 491, 115 S. Ct. 574 (1994); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (Title VII and ADEA), cert. denied sub nom Miller v. La Rosa, 510 U.S. 1109, 127 L. Ed. 2d 372, 114 S. Ct. 1049 (1994), but it is also in accordance with the only circuit courts that have directly addressed the issue of individual liability under the ADA. See Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); AIC Sec. Investigations, 55 F.3d at 1282. As a result of our holding, the individual defendants named in this action may not be held liable for discrimination or retaliation in violation of the ADA.

*Butler v. City of Prairie Village,* 172 F.3d 736, 744 (10th Cir. 1999)

The first and second claims of Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 should be dismissed as to all City Defendants.

### ii.   Plaintiff's First Amendment claim should be dismissed.

Plaintiff's third claim for relief alleges what appears to be a First Amendment claim. Plaintiff's complaint describes his speech concerning training, policies and procedures which was intended to improve policing within the Powell Police Department. [ECF Doc. 1, pp. 12-20]. Plaintiff's complaint alleges that Plaintiff

"was fired in retaliation because he pointed out policy and training issues." *Id.* at p. 20.

Pursuant to *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006), and its progeny, a plaintiff must show that the substance of the speech which forms the basis for the First Amendment claim involves something that is not part of the plaintiff's official duties and a matter of public concern, and not merely a complaint involving the plaintiff's own employment.   See *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007).  In *Brammer-Hoelter v. Twin Peaks Charter Academy*, the Tenth Circuit applied the *Garcetti* analysis to determine whether the employee's First Amendment right had been violated.  First, the court must determine whether the employee speaks, "pursuant to her official duties." 492 F.3d at 1202. "If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech 'simply reflects the exercise of employer control over what the employer itself has commissioned or created.'" 492 F.3d at 1202 (quoting *Garcetti v. Ceballos*, 547 U.S. at 422). The 10th Circuit has also held that the following are not matters of public concern: speech regarding grievances about internal departmental affairs, *Hom v. Squire*, 81 F.3d 969, 974 (10th Cir. 1996), disputes over the term of employment, *Lancaster v. Indep. Sch. Dist. No. 5,* 149 F.3d 1228, 1233-34 (10th Cir.

1998), and workplace frustration, *McEvoy v. Shoemaker*, 882 F.2d 463, 466 (10th Cir. 1989).

Plaintiff's speech directed at improving policing within the Powell Police Department by speaking out about training, policies and procedures is speech pursuant to his official duties. This type of speech does not give rise to a First Amendment claim and this claim should be dismissed by this Court.

### iii. Plaintiff's 42 U.S.C. § 1985 claim and conspiracy claim should be dismissed.

Plaintiff's fourth claim for relief alleges a conspiracy to interfere with civil rights and his thirteenth claim alleges a "civil conspiracy" claim. [ECF No. 1, pp. 23-24, 33]. In paragraph 56 of his complaint the Plaintiff alleges that ". . .the conspiracy was motivated by a class-based discriminatory animus." Plaintiff does not plead any specific facts to support this conclusory allegation. In the case of *Delaney v. Bd. of County Comm'rs*, 2017 U.S. Dist. LEXIS 211307, at *17-18 (D. Wyo., August 3, 2017) this Court found as follows:

> Section 1985(3) provides a remedy for a conspiracy to violate a person's civil rights. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The essential elements of this claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Id.* Further, § 1985(3) applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Jemaneh v. University of Wyoming*, 82 F.Supp.3d 1281, 1306 (D. Colo. 2015) (citing *Tilton*, 6 F.3d at 686). As set forth above, the undisputed facts fail to establish Defendants violated any of Plaintiff's civil rights and in the absence of such a violation, no viable conspiracy under § 1985 can exist. See *Kelley v. City of*

*Albuquerque*, 375 F.Supp.2d 1183, 1218-19 (D. N.M. 2004) (where no underlying constitutional violation exists there could be no genuine issue of material fact on §1985 conspiracy claim). Accordingly, Defendants are entitled to summary judgment on Plaintiff's conspiracy claim.

"Plaintiff's allegations in support of his claim are merely conclusory and do not provide any factual basis to support an agreement or concerted action amongst any of Defendants, much less an agreement motivated by racial or national origin discrimination. Next, Plaintiff's assertions of intent are similarly deficient, as they are nothing more than bare allegations." *Jemaneh v. Univ. of Wyo.*, 82 F.Supp.3d 1281, 1306 (D. Colo., March 11, 2015).

In the case of *Sullivan v. Hartford Fin. Servs. Grp.,* 2023 U.S. App. Lexis 18424, *7 (10th Cir. July 20, 2023), the plaintiff was appealing dismissal of his claim under § 1985(3) and alleging "he was subject to disability-based animus." In affirming the district court's dismissal of this claim the court held that "a class of 'handicapped persons' was not in the contemplation of Congress in 1871, and was not included as a class in what is now § 1985(3)." (quoting *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1177 (10th Cir. 1983). *Id.*

Plaintiff's thirteenth claim alleging "civil conspiracy" appears duplicative of his fourth claim for relief alleging conspiracy under 42 U.S.C. § 1985. To the extent Plaintiff's thirteenth claim for relief is brought pursuant to 42 U.S.C. § 1985 Defendant relies upon the argument above as to why this claim should be dismissed. If Plaintiff alleges civil conspiracy under Wyoming law, City Defendants are

immune pursuant to the WGCA. Wyo. Stat. §1-39-101, et seq. "In order to bring a

civil conspiracy claim, a plaintiff must state an underlying cause of action in tort."

*White v. Shane Edeburn Constr., LLC*, 2012 WY 118, ¶ 30, 285 P.3d 949, 958 (Wyo.

2012). Since City Defendants would be immune from any underlying tort, Plaintiff's

civil conspiracy claim must also fail. *Campbell v. Davidson*, 537 P.3d 734, 748 (Wyo.

2023).

### iv.   Plaintiff's Substantive and Procedural Due Process Claims.

Plaintiff's final two remaining claims are set forth in his fifth and sixth claims

for relief as alleged violations of substantive and procedural due process and without

any specificity are alleged against all Defendants without reference to individual or

official capacity claims. [ECF No. 1, pp. 24-27]. City Defendants rely upon the U.S.

Supreme Court holding in *Iqbal* in support of its motion to dismiss these two

remaining claims. As the Court noted in *Iqbal,* "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice".  See

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Plaintiff's fourth and

fifth causes of action should be dismissed because they are recitation of the elements

of a cause of action, not supported with fact but only by conclusory statements. "A

pleading that offers labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do. Nor does a complaint suffice if it tenders naked

assertion[s] devoid of further factual enforcement." *Id.*

To state a procedural due process violation, Plaintiff must allege: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014); see also *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1171-72 (10th Cir. 2016) (requiring a constitutionally protected interest, a deprivation, and "a lack of constitutionally adequate notice and a hearing").

To state a substantive due process violation, Plaintiff must allege a deprivation through state conduct that "'is arbitrary, lacking a rational basis, or shocking to the conscience of the Court.'" *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 731 (10th Cir. 2011) (quoting *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200-01 (10th Cir. 2003).

Regarding the alleged violation of substantive due process (fifth claim for relief) Plaintiff's complaint does not allege any facts of which Defendant did, rather this claim simply alleges all Defendants including a general reference that "Defendants' conduct, as set forth herein constitutes an official custom or policy of Defendants that violates the guarantee of Substantive Due Process of the 14th Amendment to the United States Constitution."  [ECF No. 1, p. 25, ¶ 63]. Without any facts it is difficult at best for counsel to scour the complaint for facts which support these two causes of action. Using the pleadings standard set forth in *Iqbal*,

City Defendants request that this Court dismiss the fifth claim (substantive due process) and sixth claim (procedural due process) for relief.

## IV.    CONCLUSION

City Defendants respectfully request that this Court grant its motion to dismiss Plaintiff's complaint. The United States Supreme Court has been particularly critical of complaints which are vague on specifics and leave defendants little idea where to begin when responding to conclusory allegations-this is exactly Plaintiff's complaint. A complaint such as Plaintiff's that mentions no specific time, place, or who did what provides insufficient information to enable Defendants to respond. Plaintiff's complaint includes formulaic recitation of the elements of various causes of action, but does not contain factual allegations, which if assumed to be true contain enough facts to state a claim to relief that is plausible on its face. For these reasons and the legal analysis and arguments set forth above, City Defendants respectfully request that the Court grant its motion to dismiss and for such other and further relief as the Court deems appropriate under the circumstances.

DATED this 27th day of December 2023.

/s/ Thomas A. Thompson
Thomas A. Thompson

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 27th day of December 2023, by the following means:

Daniel B. Wilkerson                    [✔] EMAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com

Debra L. Hulett                        [✔] EMAIL
Senior Assistant Attorney General
Wyoming Attorney General's Office
debra.hulett@wyo.gov

/s/ MaryBeth Oatsvall
Wyoming Local Government Liability Pool