Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-3608
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
prentice.olive@wyo.gov
Attorneys for Defendants Eckerdt and McCaslin
in their individual capacities

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RYAN DAVIS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-00230-SWS |
| ) | |
| THE CITY OF POWELL, WYOMING, et al., ) | |
| ) | |
| Defendants. ) | |

**INDIVIDUAL DEFENDANTS ECKERDT AND MCCASLIN'S MOTION TO DISMISS**

Based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Roy Eckerdt and Matt McCaslin, in their individual capacities, submit this motion to dismiss Plaintiff's Complaint.

1. Plaintiff Ryan Davis brings this employment-practice case based on his brief period of employment with the City of Powell as a police officer, from March 11, 2021 through January 7, 2022.

2. Defendant Eckerdt was the Chief of Police in the Powell Police Department.

3. Defendant McCaslin was the Lieutenant in the Powell Police Department.

4. In his Complaint, Davis pleads eleven claims against Eckert and McCaslin in their individual capacities.

5. Davis characterizes Claim 1, under 42 U.S.C. § 1983, as "Wrongful Termination" and "Depravation of Rights," under the Americans with Disabilities Act (ADA). (ECF No. 1 at 21). He asserts that he was disabled, and was terminated "based on his disability, in violation of the [ADA]." (*Id*. at 21-22). Davis describes Claim 2, brought under § 1983, as "Retaliation" under the ADA. (*Id*. at 22).

6. Whether evaluated as standalone ADA claims or under § 1983, Davis fails to state plausible individual-capacity claims against Eckerdt and McCaslin. First, Eckerdt and McCaslin, in their individual and personal capacities, cannot be liable for alleged discrimination or retaliation under the ADA. Second, Davis cannot use § 1983 to expand or alter the ADA's comprehensive statutory enforcement scheme by asserting ADA claims against individuals.

7. In Claim 3, Davis appears to have intended to plead a First Amendment retaliation claim. Davis contends that he engaged in speech expressing his views about deficiencies in the police department's "training and policies." (ECF No. 1 at ¶ 49). Davis failed to plausibly plead that he engaged in speech that the First Amendment protects, in that the face of his pleading shows that Davis spoke pursuant to his official duties, and he spoke as a public employee rather than on a matter of public concern. Moreover, Davis fails to sufficiently assert personal involvement by Eckerdt or McCaslin.

8. In Claim 4, Davis asserts a "Conspiracy to Interfere with Civil Rights" under 42 U.S.C. § 1985(3), based on his claimed disability. (ECF No. 1 at 23-24). Initially, the conclusory allegations supporting this conspiracy claim are insufficient. Moreover, an alleged violation of the ADA cannot support a § 1985(3) claim. Finally, in the Tenth Circuit, disability-based animus

cannot state a claim under § 1985(3), and Davis fails to plead any other facts to support the essential element that Defendants' conduct was based on "racial or otherwise class-based discriminatory animus."

9.  In Claims 5 and 6, Davis asserts substantive due process (Claim 5) and procedural due process (Claim 6) violations. The Complaint fails to assert facts identifying an independent source of an alleged property or liberty interest in employment. Davis also fails to asserts facts plausibly showing that he had a right to some type of opportunity to be heard or hearing. Also, the facts pleaded do not meet the high bar for showing that his termination was plausibly conscience shocking to support a substantive due process claim. Moreover, Davis fails to sufficiently assert personal involvement by Eckerdt or McCaslin.

10. Davis asserts Wyoming state-law claims in Claim 7, "Gross Negligence or Willful or Wanton Misconduct," and Claim 11, "Negligence." In this employment case, grounded in an alleged "wrongful termination," Davis's claims based on negligence fail to support a cause of action. Moreover, Davis fails to assert a recognized duty of care under Wyoming law, and he asserts conclusory allegations about negligence. Davis presents mere conclusory allegations regarding alleged willful and wanton misconduct, which is not a cause of action, and asserts no facts supporting an element of outrage.

11. In Claim 10, Davis intends to assert the state law tort claim for breach of the implied covenant of good faith and fair dealing against Eckerdt and McCaslin. Because Eckerdt and McCaslin were supervisors rather than Davis's employer, Davis fails to state a plausible claim against them. Moreover, based on the brief period of Davis's employment, he has failed to sufficiently plead facts showing a special relationship.

12. In Claim 12, Davis intends to assert a state law tort claim for intentional infliction of emotional distress. Davis failed to assert facts plausibly showing extreme and outrageous conduct necessary to support this claim. He also failed to assert facts showing Defendants intentionally or recklessly caused the plaintiff to suffer severe emotional harm.

13. In Claim 13, asserting a "civil conspiracy" claim, Davis states that Defendants "conspired . . . to terminate" him "in an unlawful violation of his federal rights under the [ADA]." (ECF No. 1 at ¶ 105). If he asserts a conspiracy claim under § 1983, for the reasons already discussed as to Claims 1-2, Davis cannot rely on the ADA to support his claim, and he fails to assert a constitutional violation. Moreover, Davis's conclusory allegations about a conspiracy are insufficient to state a plausible claim. If Davis intends to assert a state-law conspiracy claim in Claim 13, he fails to state a plausible claim because he must state an underlying cause of action in tort and has failed to do so.

14. Accordingly, the Court should dismiss these claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

15. Additionally, as to Claims 3, 5-6, and 13, Eckerdt and McCaslin are entitled to qualified immunity. Davis has failed to plead a constitutional violation, and on the face of the Complaint, Eckerdt and McCaslin did not violate clearly established law.

This motion is supported by the memorandum of points and authorities filed herewith, as well as by the record on file with the Court in this action.

DATED this 5th day of January, 2024.

/s/Debra Hulett
Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-3608
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
prentice.olive@wyo.gov

Attorneys for Roy Eckerdt and Matt McCaslin, in their individual capacities

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 5th day of January, 2024, a true and correct copy of the foregoing **Individual Defendants Eckerdt and McCaslin's Motion to Dismiss** was served as indicated below:

| | |
|---|---|
| Daniel Wilkerson<br>Wilkerson Law Group<br>P.O. Box 607<br>Gillette, WY  82717-0607<br>infowy@wilkersonlawgroup.com<br><br>Attorney for Plaintiff<br><br>Thomas Thompson<br>Wyoming Local Government Liability Pool<br>6844 Yellowtail Road<br>Cheyenne, Wyoming 82009<br>tthompson@lglp.net<br><br>Attorney for Defendants City of Powell, Wyoming, Roy Eckerdt, and Matt McCaslin, in their official capacities, and Tiffany Brando and Zack Thorington, both in their individual and official capacities | [✓] CM/ECF |

 

                                             */s/Kailie D. Harris*
                                             Kailie D. Harris, Paralegal
                                             Office of the Wyoming Attorney General