Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-3608
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendants Eckerdt and McCaslin
in their individual capacities

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RYAN DAVIS, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-CV-00230-SWS |
| THE CITY OF POWELL, WYOMING, et al., | ) ) ) ) |
| Defendants. | ) |

## INDIVIDUAL DEFENDANTS ECKERDT AND MCCASLIN'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION OF MOTIONS TO DISMISS

Defendants Roy Eckerdt and Matt McCaslin, in their individual capacities, submit this reply to ECF No. 14, Plaintiff's memorandum in opposition to their motion to dismiss.

### I.     PRELIMINARY STATEMENT

Davis appears to recognize that Claims 1-2 asserted against Eckerdt and McCaslin in their individual capacities fail to state plausible claims under the Americans with Disabilities Act (ADA) and § 1983. (ECF No. 14 at 17). Davis provides no response to Eckerdt and McCaslin's arguments

that the Court should dismiss the First Amendment retaliation claim (Claim 3) and the § 1985 claim (Claim 4). The Court should dismiss these four claims as to Individual Defendants.

For the remaining § 1983 due process and conspiracy claims, the Complaint fails to state plausible claims for relief. To support his due process claims, Davis argues he showed an implied contract. At most, the pleaded facts show Davis had a unilateral or subjective expectation of continued employment—but not a legitimate claim of entitlement to it. Because Davis failed to plead a plausible property interest in continued employment, he cannot overcome the presumption that his employment was at-will, so he was not entitled to process. Also, Davis did not plead any specific facts that McCaslin was involved in the termination. Even if Davis showed a property interest in his public employment, the Tenth Circuit has not decided if the substantive due process clause protects a property right in public employment, so Eckerdt and McCaslin are entitled to qualified immunity. On the § 1983 conspiracy claim, Davis rehashes his pleading but does not resolve the failure to plead an agreement and concerted action amongst the defendants, or the deprivation of a constitutional right. As he failed to plausibly plead a constitutional deprivation, Eckerdt and McCaslin are entitled to qualified immunity.

Turning to the state-law claims, the Complaint does not state facially plausible claims for relief. Davis characterizes the negligence and "willful or wanton misconduct" claims as based on a duty of care "that reasonable city administrators would owe to employees they are making decisions over," but does not identify a legal authority recognizing it. (ECF No. 14 at 19). Imposing the duty Davis describes on workplace decision-makers would be problematic, because it would conflict with an employer's ability to terminate an at-will employee for any reason or no reason. As for the breach of implied covenant of good faith and fair dealing claim, Davis does not respond to the argument that this claim should not be asserted against individual supervisors. He also fails

to identify any pleaded facts that plausibly support a special relationship. On the intentional infliction of emotional distress claim, Davis reiterates that his the claim is based on the termination of his employment. The pleaded facts do not show the type of extreme and outrageous conduct that could plausibly support the tort. Davis asserts the state law conspiracy claim claim is predicated on an alleged effort to deprive him of "contractual rights" under state law. (*Id*. at 19). Because Davis implicitly concedes that the conspiracy claim is not based on an underlying state-law tort action, he fails to state a viable state-law conspiracy claim.

## II.     ARGUMENT

As a preliminary matter, the undersigned attorney notes a citation error in the opening memorandum, ECF No. 13, page 11. The citation to the *Sabatka* case should reflect that it was an opinion from the Wyoming Supreme Court. The correct citation is *Sabatka v. Bd. of Trs. of Fremont Cnty. Pub. Libr. Sys.*, 2015 WY 8, ¶ 16, 341 P.3d 403, 407 (Wyo. 2015).

**A.     The Court should dismiss the substantive and procedural due process claims (Claims 5-6).**

Davis appears to have abandoned his claim that Defendants deprived him of a liberty interest, as his argument only addresses an alleged property interest. (ECF No. 14 at 17-19).

Davis now contends that he had a property interest based on "an implied contract in promise of continued employment, promises that his reviews secured him continued employment, and no indication to the contrary." (ECF No. 14 at 17, citing ECF No. 1 at ¶¶ 2, 23, 33-36). But that is not what he pleaded, and in his Complaint, Davis failed to identify a single ordinance, policy, or procedure that established a property interest in his employment. (ECF No. 1 at 24-27).

Even if this Court considers Davis's implied-contract theory, Davis failed to plead facts plausibly showing he had a property interest in continued employment. (ECF No. 14 at 17, citing ECF No. 1 at ¶¶ 2, 23, 33-36). "Under Wyoming law, '[p]roperty interests in continued public

3

employment are created and defined by independent sources such as state statutory law, regulations or the terms of employment.'" *Hesse v. Town of Jackson*, 541 F.3d 1240, 1245 (10th Cir. 2008) (citing *Lucero v. Matthews*, 901 P.2d 1115, 1119 (Wyo. 1995)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Van Dam v. Town of Guernsey*, No. 20-CV-60-SWS, 2021 WL 1774137, at *12 (D. Wyo. May 4, 2021) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). "Subjective understandings and expectations do not establish an employment contract with a definite term of duration." *Allen v. Safeway Stores Inc.*, 699 P.2d 277, 282 (Wyo. 1985) (citation omitted). Although Davis may have developed a unilateral expectation of continued employment based on favorable evaluations, praise, and a "Life Saving Medal" (ECF No. 14 at 17, citing ECF No. 1 at ¶¶ 2, 23, 33-36), he did not plead that the positive feedback fixed the duration of his employment or limited the grounds for terminating his employment. (ECF No. 1 at ¶¶ 2, 23, 33-36 and pp. 24-27). *See Boone v. Frontier Refin., Inc.*, 987 P.2d 681, 685-86 (Wyo. 1999) (finding no implied employment contract where statements during job interview and in performance appraisals did not promise plaintiff he would be employed as long as he did the job or limit circumstances under which his employment could be terminated). Davis cites no authority recognizing that positive feedback alone—absent an agreement fixing the duration of employment or limiting the grounds for termination of employment—suffices to establish an employee's legitimate claim of entitlement to continued employment.

Davis suggests he alleged a contract based on "communications between himself and the City" combined with unspecified policies or procedures (ECF No. 14 at 17-18, citing ECF No. 1 at ¶¶ 2, 23, 33-36), but at most, the Complaint shows his unilateral expectation. Davis did not plead

specific facts that he reached an agreement with the City about the duration of his employment or that he could be terminated only for cause. *See Alcorn v. La Barge*, 784 F. App'x 614, 620 (10th Cir. 2019) (recognizing that "[w]hen an employment contract is silent about duration, and does not specify reasons for termination, the employment relationship is presumed to be at-will" (citation omitted)); ECF No. 1 at ¶ 23 and pp. 24-27. Given that Davis did not plead facts to show a plausible claim that he had a property interest in continued employment, Davis's employment is presumed to be at will. *See Alcorn*, 784 F. App'x at 620. As an at-will employee, Davis did not have a property interest in continued public employment. *Hesse*, 541 F.3d at 1245 (recognizing "a Wyoming public employee whose employer may fire him at will for any reason or for no reason at all does not possess a property interest in continued public employment").

Davis states his intent to obtain the City's employment manual in the course of discovery, which he anticipates will "buttress claims of an implied contract of employment." (ECF No. 14 at 18). Suggesting he needs discovery to complete gaps in his pleading cannot salvage these claims. In *Iqbal*, the Supreme Court reiterated that conclusory pleading cannot support allowing a plaintiff the opportunity to proceed to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009). The Supreme Court explained that in *Twombly*, it "held . . . that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 556 U.S. at 684-85 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . . given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side"). Also, Individual Defendants Eckert and McCaslin assert a qualified-immunity defense. "[R]ejection of the careful-

case-management approach is especially important" in cases where the governmental defendants are entitled to assert a qualified-immunity defense, because the doctrine's "basic thrust" includes "avoidance of disruptive discovery." *Iqbal*, 556 U.S. at 685 (citation omitted).

Because Davis failed to plead a plausible property interest, he was not entitled to any process associated with the termination of his employment, and he failed to plead a plausible procedural due process claim. *See Alcorn*, 784 F. App'x at 622 (recognizing that under Wyoming law, an at-will employee is not entitled to procedural due process protections associated with the termination of employment). Yet Davis contends that he was entitled to the ADA's "interactive process." (ECF No. 14 at 18). Under Wyoming law, the ADA's interactive process is not an "independent source" that could create a property interest in continued public employment. *See Hesse*, 541 F.3d at 1245 (independent source under Wyoming law includes state statutes, regulations, or the terms of employment) (citing *Lucero*, 901 P.2d at 1119). Moreover, under the ADA, "the failure to engage in an interactive process is not independently actionable." *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1201 (10th Cir. 2023) (citation omitted). Considering the authorities discussed regarding Claims 1-2 in Individual Defendants' opening memorandum (ECF No. 13 at 4-6), it is doubtful that Davis can use § 1983 to circumvent the ADA's enforcement scheme and assert a Fourteenth Amendment procedural due process claim against Eckerdt and McCaslin individually, based on an alleged failure to engage in the ADA's interactive process. Davis does not cite any legal authority supporting his novel argument.

Having failed to plead specific facts showing Eckerdt or McCaslin's personal involvement in plausible due process deprivations, Davis also does not cite any clearly established law that would have placed them on notice that they engaged in conduct that would violate his due process rights. Eckerdt and McCaslin are entitled to qualified immunity.

Addressing substantive due process, Davis describes the meeting when his employment was terminated, and contends he pleaded facts showing the termination was conscience–shocking. (ECF No. 14 at 18-19). Because he did not plausibly plead that he had a property interest in his employment, he fails to state a viable substantive due process claim. *See Anderson v. S. Lincoln Special Cemetery Dist. ex rel. Bd. of Trs.*, 972 P.2d 136, 141 (Wyo. 1999) (reasoning that the plaintiff, who was an at-will employee, had no legitimate claim of entitlement in continued employment, so he was not denied substantive due process). Even assuming Davis had a property interest in continued employment, substantive due process requires a "fundamental" property interest, and the Tenth Circuit has "'not decided whether an employee with a property right in state-created employment is protected by the substantive due process clause.'" *Roberts v. Winder*, 16 F.4th 1367, 1375 (10th Cir. 2021) (citing *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998); *Potts v. Davis Cnty.*, 551 F.3d 1188, 1196 n.1 (10th Cir. 2009)). So no clearly established law would have placed Eckerdt or McCaslin on notice that terminating Davis's employment would violate his substantive due process rights. *Roberts*, 16 F.4th at 1375 (citing *Potts*, 551 F.3d at 1196 n.1). Eckerdt and McCaslin are entitled to qualified immunity.

**B.      The Court should dismiss the negligence, gross negligence, and willful and wanton misconduct claims (Claims 7, 11).**

Davis now contends that he pleaded a plausible negligence claim in that "Defendants breached their . . . duty that reasonable city administrators would owe to employees they are making decisions over." (ECF No. 14 at 19). Davis does not cite any authority supporting this claimed duty in the employment context. (*Id.*). Recognizing a negligence claim based on this alleged duty would conflict with Wyoming's at-will employment doctrine, because imposing the duty of care on individuals who make decisions about employees would eviscerate an employer's

7

ability to terminate an at-will employee for any or no reason. Davis does not respond to the authorities and other arguments presented in Individual Defendants' opening memorandum.

**C.     The Court should dismiss the breach of the implied covenant of good faith and fair dealing claim (Claim 10).**

Davis now contends "there is a special relationship between the City of Powell, Wyoming and its police officers." (ECF No. 14 at 20). This argument does not address Individual Defendants, and Davis presents no response to their argument that this claim should not proceed against them because they were Davis's supervisors rather than his employer. (ECF No. 13 at 14-15).

Although Davis observes he received "special training, constant reviews, and feedback that he was deemed an officer in good standing" (ECF No. 14 at 20), the Wyoming Supreme Court has not recognized that these common workplace occurrences could elevate his termination to the "rare and exceptional" case where he can show a "special relationship of trust and reliance" necessary to support tort liability for breach of the implied covenant of good faith and fair dealing. *Kuhl v. Wells Fargo Bank,, N.A.*, 2012 WY 85, ¶ 35, 281 P.3d 716, 727-28 (Wyo. 2012) (citations omitted). Instead, "[t]rust and reliance may be found by the existence of separate consideration, common law, statutory rights, or rights accruing with longevity of service." *Id*. at ¶ 35, 281 P.3d at 728 (alteration added). Recognizing that providing employees training, reviews, and feedback creates a special relationship between employer and employee would fundamentally alter the tort. It would no longer be limited to "rare and exceptional cases" involving a "special relationship of trust and reliance" between and employer and employee, arising from the limited factors that the Wyoming Supreme Court recognizes. *See id*. at ¶ 35, 281 P.3d at 727-28.

**D.     The Court should dismiss the intentional infliction of emotional distress claim (Claim 12).**

Davis reiterates that his intentional infliction of emotional distress claim is based on the termination of his employment. He contends that "[c]alling [him] to a meeting and firing him," "is

8

plausibly shocking and plausibly beyond the pale." (ECF No. 14 at 20) (alteration added). Yet he cites no legal authority supporting his position that the fact his employment was terminated constitutes "extreme and outrageous" conduct required to establish liability, rather than conduct that was "definitely inconsiderate and unkind" that is insufficient to support a claim. *Hoflund v. Airport Golf Club*, 105 P.3d 1079, 1090 (Wyo. 2005) (citation omitted). Under Wyoming law, "a claim for the intentional infliction of emotional distress makes actionable only the most egregious conduct." *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 688 (10th Cir. 2007). While Davis focuses on consequences of the termination based on personal decisions that he made (ECF No. 14 at 20), he did not plead any facts about the conduct of Eckerdt at the termination meeting that plausibly demonstrates extreme and outrageous conduct. (ECF No. 1 at ¶¶ 27-28 and p. 32). He did not plead facts showing that McCaslin attended the termination meeting or was involved in the termination decision. (*Id.*). Davis does not respond to the authorities and other arguments presented in Individual Defendants' opening memorandum.

**E.     The Court should dismiss the civil conspiracy claim (Claim 13).**

Davis points to his conclusory allegations that "there had to be, and was, conspiring and planning that took place prior to the January 7, 2022, meeting." (ECF No. 14 at 21, citing ECF No. 1 at ¶¶ 27-29). As discussed, if Davis intended to plead a § 1983 conspiracy claim, these conclusory allegations about a conspiracy are insufficient, because he failed to plead an agreement and concerted action, or a deprivation of a constitutional right. (ECF No. 13 at 17-18). Although Davis now references "his federal and state rights," the Complaint only refers to a violation of his "rights under the [ADA]." (ECF No. 1 at 33). Moreover, Davis failed to plead a plausible constitutional violation, and he does not identify any clearly established law that would have placed Eckerdt or McCaslin on notice that planning the termination of his employment would violate his constitutional rights. They are entitled to qualified immunity.

9

To the extent Davis intended to plead a state law conspiracy claim, he contends that he asserts a conspiracy claim "to deprive him of contractual rights and federal rights" (ECF No. 14 at 19), which effectively acknowledges that he did not plead the requisite state-law "underlying cause of action in tort." *Action Snowmobile & RV, Inc. v. Most Wanted Performance, LLC*, 2018 WY 89, ¶ 16, 423 P.3d 317, 324 (Wyo. 2018) (citation omitted). Davis does not respond to the authorities and other arguments presented in Individual Defendants' opening memorandum.

### III.   CONCLUSION

The Complaint does not state a plausible claim for relief against Individual Defendants Eckerdt and McCaslin. Further, Eckerdt and McCaslin are entitled to qualified immunity as to the § 1983 claims. The Court should therefore dismiss all claims Eckerdt and McCaslin, in their individual capacities.

DATED this 17th day of January, 2024.

*/s/Debra Hulett*
Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-3608
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
prentice.olive@wyo.gov
Attorneys for Roy Eckerdt and Matt McCaslin, in their individual capacities

## CERTIFICATE OF SERVICE

I do hereby certify that on this 17th day of January, 2024, a true and correct copy of the foregoing **Individual Defendants Eckerdt and McCaslin's Reply to Plaintiff's Memorandum in Opposition of Motions to Dismiss** was served as indicated below:

| | |
|---|---|
| Daniel Wilkerson<br>Wilkerson Law Group<br>P.O. Box 607<br>Gillette, WY  82717-0607<br>infowy@wilkersonlawgroup.com | [✓] CM/ECF |

Attorney for Plaintiff

| | |
|---|---|
| Thomas Thompson<br>Wyoming Local Government Liability Pool<br>6844 Yellowtail Road<br>Cheyenne, Wyoming 82009<br>tthompson@lglp.net | [✓] CM/ECF |

Attorney for Defendants City of Powell, Wyoming, Roy Eckerdt, and Matt McCaslin, in their official capacities, and Tiffany Brando and Zack Thorington, both in their individual and official capacities

                            */s/ Kathy Lackey*
                            Kathy Lackey, Paralegal
                            Office of the Wyoming Attorney General