Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants City of Powell, Wyoming, Roy Eckerdt, and Matt McCaslin, in their
official capacities, as to any federal law claims, and Tiffany Brando and Zack Thorington, both in
their individual and official capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RYAN DAVIS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-CV-230-S |
| v. | ) | |
| | ) | |
| THE CITY OF POWELL, WYOMING, | ) | |
| and ROY ECKERDT, CHIEF OF POLICE, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and MATT MCCASLIN, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and TIFFANY BRANDO, | ) | |
| HUMAN RESOURCE DIRECTOR AND | ) | |
| CITY CLERK, in her official capacity as such | ) | |
| and in her individual capacity, and ZACK | ) | |
| THORINGTON, CITY ADMINISTRATOR, | ) | |
| in his official capacity as such and in his | ) | |
| individual capacity, and JOHN DOE(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
## 12(b)(6) MOTION TO DISMISS COMPLAINT

COME NOW Defendants, City of Powell, Wyoming, Roy Eckerdt and Matt McCaslin, in their official capacities, as to any federal law claims, and Tiffany Brando and Zack Thorington, both in their individual and official capacities (hereinafter "City Defendants"), by and through their attorney, and submits this Reply Memorandum in Support of City Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6).

City Defendants hereby adopt and incorporate by reference those legal arguments made by Individual Defendants Eckerdt and McCaslin as contained in their reply memorandum in support of Individual Defendants' motion to dismiss [ECF No. 15], and further state and allege as follows:

## I.    PLAINTIFF'S NOTICE OF GOVERNMENTAL CLAIM IS DEFICIENT.

Plaintiff relies upon the case of *Excel Constr., Inc. v. Town of Lovell,* 268 P.3d 238 (Wyo. 2011) in support of his argument that his notice of governmental claim was compliant with the requirements set forth by W.S. § 1-39-113. As noted in City Defendants' Memorandum in Support of Motion to Dismiss, Plaintiff's notice of governmental claim includes a demand for compensation of $1,100,000. However, his notice of claim also includes language that states, "if litigation commences, that demanded amount will most likely change." [ECF No. 11, p. 11]. The notice of claim predates the filing of this lawsuit and pursuant to the express language in Plaintiff's

notice of claim, the amount originally demanded by Plaintiff has most likely changed. What that amount is now is both uncertain and speculative.

The court in *Excel Constr.*, was faced with a similar argument as now being made by City Defendants – that the demand for compensation was uncertain. The holding in *Excel Constr.*, can be distinguished from our case. The court in *Excel Constr.*, held that the notice of claim in that case was sufficient because it contained language that specified an amount certain. The court found that the itemization required by Article 16, Section 7 of the Constitution and § 1-39-113(b)(iii) is a statement of the **specific dollar amount** of damages demanded. *Id.* at 243. (Emphases added). Plaintiff's notice of claim in our case lacks that specificity. There is no specific dollar amount of damages, just a representation by Plaintiff that the original demand is most likely to change. Whether that amount is more or less than the previous demand is uncertain.

We have held that the primary purpose to be served by the filing of a notice of claim is "to provide governmental entities with notice to assist them in budgeting and financial decision making." *Madsen*, ¶ 15, 248 P.3d at 1154 (citing *Hochalter v. City of Gillette*, 2005 WY 125, ¶ 21, 120 P.3d 674, 680 (Wyo. 2005)). Our decisions recognize that this purpose is served, and the statutory and constitutional itemization requirements are met, when a claimant specifies the dollar amount of damages being demanded. See *Madsen*, ¶¶ 17-19, 248 P.3d at 1154-55; *City of Gillette v. Hladky*

*Constr., Inc*., 2008 WY 134, ¶¶ 22-26, 196 P.3d 184, 194-95 (Wyo. 2008). Our decisions in those cases turned not on the categorization of the damages but on the identification of a specific damages amount. *Excel Constr., Inc. v. Town of Lovell*, 268 P.3d 238, 241(Wyo. 2011).

Plaintiff's notice of claim is deficient because it fails to provide a specific dollar amount now that litigation has commenced.

## II. PLAINTIFF HAS CONCEDED THAT PLAINTIFF'S FIRST AND SECOND CLAIMS OF DISCRIMINATION BROUGHT PURSUANT TO 42 U.S.C. § 1983 SHOULD BE DISMISSED.

Plaintiff's memorandum in opposition to Defendants' motions to dismiss [ECF No. 14] concedes that Plaintiff's first and second claim for discrimination brought pursuant to 42 U.S.C. § 1983 should be dismissed. This Court should dismiss said claims without consideration for Plaintiff's reference to amended pleadings that are not before the Court, nor have they been filed.

## III. PLAINTIFF CANNOT RELY UPON FACTUAL ALLEGATIONS THAT ARE NOT CONTAINED IN HIS COMPLAINT.

In response to City Defendants' motion to dismiss Plaintiff's substantive and procedural due process claims, as well as Plaintiff's breach of contract and promissory estoppel claims, the Plaintiff relies upon documents that will be requested in discovery. "Furthermore, as part of the discovery process in this case, Plaintiff will request a copy of the City of Powell's Employment Manual." [ECF

No. 14, p. 18]. Plaintiff goes on to argue factual allegations that are not part of his complaint.

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion," but "[e]xceptions to this general rule include the following: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and 'matters of which a court may take judicial notice.'" *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

Plaintiff's additional factual allegations, including documents that do not fit the exception set forth above which are not part of his complaint should not be considered by this Court.

## IV. PLAINTIFF FAILS TO CITE TO ANY LEGAL AUTHORITY IN OPPOSITION TO CITY DEFENDANTS' MOTION TO SUPPORT HIS STATE LAW TORT CLAIMS.

Plaintiff's response memorandum argues that, "There are plausible facts pointing towards negligence, gross negligence, and willful or wonton (sic) misconduct that a fact finder should be able to make a determination on." [ECF No. 14, p. 19]. However, City Defendants motion to dismiss asserts that City Defendants are entitled to dismissal of these state law tort claims as a matter of law, including dismissal of Plaintiff's claims of negligence, gross negligence, and willful and wanton misconduct. Plaintiff fails to cite to any legal authority in opposition to City

Defendants legal analysis and argument for dismissal of these claims. This Court should grant City Defendants motion to dismiss based upon those arguments set forth in City Defendants memorandum in support of motion to dismiss. [ECF No. 11, p. 5-8].

DATED this 17th day of January 2024.

/s/ Thomas A. Thompson
Thomas A. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 17th day of January 2024, by the following means:

Daniel B. Wilkerson                [✓] EMAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com

Debra L. Hulett                    [✓] EMAIL
Senior Assistant Attorney General
Wyoming Attorney General's Office
debra.hulett@wyo.gov

/s/ MaryBeth Oatsvall
Wyoming Local Government Liability Pool