# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| **RYAN DAVIS,**<br><br>Plaintiff,<br><br>v.<br><br>**POWELL WY ET AL.,**<br><br>Defendants. | Case No. 1:23-CV-230-SWS |

## ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 13), filed by Defendants Roy Eckerdt and Matt McCaslin, to dismiss claims brought against them in their individual capacities by Plaintiff Ryan Davis. Defendants Tiffany Brando and Zack Thorington likewise filed a motion to dismiss under Rule 12(b)(6) which, among other things, also seeks to dismiss Plaintiff's claims against them in their individual capacities. (ECF No. 11.) Because both motions to dismiss address the claims against Defendants Eckerdt, McCaslin, Brando, and Thorington in their individual capacities (hereinafter the "Individual Defendants"), the requests to dismiss the personal capacity claims against these four Defendants shall be addressed together in this order.

In opposing both motions to dismiss, Plaintiff filed a joint response in opposition. (ECF No. 14.) The Individual Defendants thereafter filed replies. (ECF Nos. 15, 16). Having considered the parties' arguments, reviewed the record herein, and being otherwise fully advised, the Court

finds that the requests to dismiss all personal capacity claims against the Individual Defendants should be granted.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). To overcome a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations, assumed to be true, must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). The Court accepts the nonmoving party's well-pled factual allegations as true and construes them in the light most favorable to the nonmoving party, but it is not bound to accept an asserted legal conclusion as true. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC*, 656 F.3d at 1215. However, "[t]he *Twombly* standard may have greater bite in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants." *Id.* (internal citations omitted).

## FACTUAL BACKGROUND

Plaintiff Ryan Davis relocated from California to Powell, Wyoming in December 2020 to work as a police officer for the City of Powell Police Department ("the department"). (ECF No. 1 at 8.) During his short time on the police force, Plaintiff had several disagreements regarding Department policy and training with his supervisor, Defendant Matt McCaslin, a Lieutenant in the Powell Police Department. (Id. at 12–20.)

On or about October 1, 2021, Plaintiff contracted COVID-19, which rendered him unable to "perform the normal job functions of a patrolling police officer" for October, November, and December of 2021. (ECF No. 1 at 8.) During that time, Plaintiff alleges that he was "on Workers' Compensation and Family Medical Leave Act" and was "protected by the Americans with Disabilities Act (ADA)." (ECF No. 1 at 9.) Plaintiff alleges that he was eventually diagnosed with "Post COVID-19, Pneumonia, and Tachycardia" on December 9, 2021. (ECF No. 1 at 9.)

However, on January 7, 2022 Plaintiff claims he was terminated from the Powell Police Department in a meeting with the Chief of Police Roy Eckerdt, Human Resources Manager Tiffany Brando, and City Administrator Zack Thorington. (ECF No. 1 at 9.) Plaintiff contends that he was not given a reasonable explanation for his termination, and instead was told that his "illness was a hardship to the department." (Id.) Plaintiff states that at no point did the Defendants "engage in an interactive process with [Plaintiff] involving accommodations as required by the Americans with Disabilities Act." (Id.) Plaintiff also alleges that his treatment and eventual termination was retaliatory because he "pointed out policy and training issues" and because he was "a pain to the police department administration." (Id. at 20.)

As a result of these events, Plaintiff has sued Defendants Eckerdt, McCaslin, Brando, and Thorington in their individual as well as official capacities. He has asserted against them personal

capacity claims for: Wrongful Termination in Violation of 42 U.S.C. § 1983 and the ADA; Retaliation under 42 U.S.C. § 1983 and the ADA; Violation of the First Amendment under 42 U.S.C. § 1983; Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985; Violation of Substantive Due Process under the Fourteenth Amendment; Violation of Procedural Due Process under the Fourteenth Amendment; Gross Negligence or Willful or Wanton Misconduct; Breach of Implied Covenant of Good Faith and Fair Dealing; Negligence; Intentional Infliction of Emotional Distress; and Civil Conspiracy. (ECF No. 1 at 21–33.)[1]

## DISCUSSION

In ruling on a motion to dismiss filed by the City of Powell and Defendants Eckerdt, McCaslin, Brando, and Thorington in their official capacities ("the City Defendants") (ECF No. 11), this Court ruled that Plaintiff had failed to state a § 1983 claim for violation of his First Amendment and Fourteenth Amendment Substantive Due Process rights. (See ECF No. 18). The Court also ruled that he has failed to state a 42 U.S.C. § 1985 claim predicated on disability-based animus. *Id.* at 12-13. Because these claims were dismissed in their entirety against all Defendants, these claims are also dismissed completely against Defendants Eckerdt, McCaslin, Brando, and Thorington in their personal capacities.

As such, in this order, the Court only addresses Plaintiff's personal capacity claims for wrongful termination and retaliation under the Americans with Disabilities Act and § 1983, his § 1983 claim for violations of his Fourteenth Amendment Procedural Due Process rights, and Plaintiff's Wyoming state law tort claims against the Individual Defendants.

---

[1] Plaintiff's additional claims for Breach of Contract (Eighth Claim for Relief) and Promissory Estoppel (Ninth Claim for Relief) were asserted only against the City of Powell, Wyoming. (ECF No. 1 at 28–30.)

**1. Plaintiff's Federal Law Claims Against the Individual Defendants**

1.1 <u>The Americans With Disabilities Act and Individual Defendants</u>

In its order on the City Defendants' motion to dismiss, this Court ruled that Plaintiff could not bring a § 1983 against any Defendant in this case to vindicate his rights as a public employee under Title I of the ADA. Plaintiff conceded that his § 1983 claim for violation of his ADA rights was flawed, but because Plaintiff did not properly move to amend his complaint and correct this error, the Court dismissed his § 1983 claim, based upon the ADA against all Defendants.

However, even if Plaintiff had plausibly stated an ADA claim or properly amended his Complaint to state an ADA claim, the parties have jointly raised an additional independent reason why Plaintiff's ADA claim must be dismissed against these individual capacity Defendants: The ADA precludes personal capacity suits against persons who are not "employers" under the ADA. (ECF No. 11 at 12, 14.) In *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999), the Tenth Circuit Court of appeals analogized the ADA to Title VII and held "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers" under the ADA's statutory definition.[2] (citing *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("personal capacity suits against individual supervisors are inappropriate under Title VII."); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate.")); *see also Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60,* 819 F. Supp. 2d 1179, 1191 (D. Colo. 2011), *aff'd sub nom. Ebonie S. v. Pueblo Sch. Dist.* 60, 695 F.3d 1051 (10th Cir. 2012) ("individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the ADA.") (internal quotations omitted).

---

[2] The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . ., and any agent of such person." 42 U.S.C. § 12111(5)(A).

In his response in opposition to the motions to dismiss, Plaintiff states that he desists from his claims under the ADA against Defendants Eckerdt, McCaslin, Brando, and Thorington in their individual capacities, and represents that he only wishes to pursue his claims against them in their official capacities. (ECF No. 14 at 17.) The parties are therefore in agreement, based on binding Tenth Circuit precedent, that any attempt by Plaintiff to bring suit under the ADA against Defendants Eckerdt, McCaslin, Brando, and Thorington, in their personal capacities, is inappropriate. Because Plaintiff agrees that he cannot bring a claim for individual supervisor liability against Eckerdt, McCaslin, Brando, and Thorington under the ADA, even if Plaintiff had adequately pleaded or amended his Complaint to include an ADA claim, all ADA claims against the Individual Defendants must be dismissed.

1.2 <u>Adequate Specificity to State a § 1983 Claim Against Individual Defendants</u>

The Court now turns to Plaintiff's only remaining federal claim against the Individual Defendants: termination in violation of his procedural due process rights under the Fourteenth Amendment of the U.S. Constitution and § 1983. Plaintiff's procedural due process claim has been allowed to proceed because this Court determined that Plaintiff had adequately pled a property interest in his continued public employment and plausibly alleged that adequate process was not provided when he was terminated.

Nevertheless, the Individual Defendants argue, and the Court agrees, Plaintiff's Complaint fails to plead with adequate particularity which Individual Defendants violated his procedural due process rights in order to state a claim against them in their personal capacities. (ECF Nos. 11 at 18; 13 at 12.) "Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). "[I]t is particularly important in a § 1983 case brought against a number of government actors sued in

their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom . . . as distinguished from collective allegations." *Id.* at 1164 (internal quotation marks omitted.). This is "to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Kansas Penn Gaming, LLC*, 656 F.3d at 1215.

The extent of Plaintiff's allegations regarding Defendants Eckerdt, McCaslin, Brando, and Thorington's involvement in Plaintiff's termination consist of the following. Plaintiff alleges that Defendant Eckerdt, as the Chief of Police, "was a decision maker and policy maker in terms of the police department's personnel [and] employment" decisions. (ECF No. 1 at 3.) The Complaint further alleges that Defendants Brando and Thorington, as the Human Resources Manager and City Administrator respectively, were also decisionmakers for personnel and employment matters at the Department. (Id. at 4.) Plaintiff even contends that Defendant McCaslin, as Plaintiff's supervisor, was a decisionmaker and had control over employment policy at the Department. (Id.)

However, with regard to Plaintiff's actual firing, and what procedures were afforded to Plaintiff at that time, Plaintiff's allegations fail to specify exactly who is alleged to have done what to Plaintiff. Plaintiff only generally asserts that Eckerdt, Brando, and Thorington were present at a meeting with Plaintiff on January 7, 2022 in which Plaintiff was terminated. Plaintiff does not specify whether it was Eckerdt, Brando, or Thorington (or even all three) who ultimately made the decision or told Plaintiff that he was terminated without affording him adequate process. Plaintiff only alleges that he was told his "illness was a hardship to the department" and that he was a "financial hardship to the budget," but he does not specify which Individual Defendant(s) made those statements. (ECF No. 1 at 9.) The same is true for Plaintiff's allegations that he "was labeled disloyal, unprofessional, and a burden," because Plaintiff does not specify how he was so labeled

or which of the Individual Defendants labeled him as such. (Id.) Plaintiff's collective and generalized allegations are particularly baffling because as a participant in the meeting on January 7, 2022, Plaintiff should know what the Individual Defendants did and said during the meeting. Nevertheless, a reader of Plaintiff's Complaint is left asking "who did what to whom?" Plaintiff's allegations, while adequate to state a claim against the City of Powell, are not adequate to provide each Individual Defendant with fair notice as to the basis of the personal capacity claims against him or her under § 1983.

Regarding the fourth Individual Defendant, Lieutenant McCaslin, Plaintiff's complaint alleges that McCaslin was not even present at the meeting in which Plaintiff was terminated. Plaintiff only alleges that on January 7, 2022, Defendant McCaslin told some unidentified employees at the Powell Police Department that Plaintiff had been "fired because he was sick." (Id.) Plaintiff makes no specific factual allegations which would indicate that Defendant McCaslin was an actual decisionmaker or was even involved in Plaintiff's termination, much less that he was in any way responsible for a procedural due process violation which Plaintiff alleges he suffered on January 7, 2022.

For these reasons, the Court finds that Plaintiff has failed to allege a procedural due process claim against any of the Individual Defendants in their personal capacities because he has failed to specify who did what to whom regarding Plaintiff's termination. Plaintiff's only remaining federal claim against the Individual Defendants in their personal capacities is therefore dismissed.

## 2. Plaintiff's State Law Claims Against the Individual Defendants

### 2.1 Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligence, Gross Negligence, Willful & Wanton Misconduct, and Intentional Infliction of Emotional Distress

Plaintiff also asserts state-law tort claims for Gross Negligence or Willful or Wanton

Misconduct (Seventh Claim for Relief), Breach of the Implied Covenant of Good Faith and Fair Dealing (Tenth Claim for Relief), Negligence (Eleventh Claim for Relief), and Intentional Infliction of Emotional Distress (Twelfth Claim for Relief) against the Individual Defendants in their personal capacities. (ECF No. 1 at 27–28, 31–33.) Identical claims against the City of Powell and all official capacity Defendants were dismissed under the sovereign immunity protections of the WGCA in this Court's ruling on the motion to dismiss filed by those Defendants. (ECF No. Now, this Court also concludes that Plaintiff's tort claims against Defendants Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zack Thorington in their personal capacities must be dismissed pursuant to the WGCA, because Plaintiff has failed to allege that any of the Individual Defendants acted outside the scope of their official duties when Plaintiff was terminated.

The WGCA grants immunity to public employees against tort claims, as long as the employee is "acting within the scope of their duties." *Beus v. Uinta Cnty. Bd. of Cnty. Comm'rs*, 143 F. App'x 945, 949 (10th Cir. 2005). "Scope of Duties" is defined under the WGCA, as "any duties which a governmental entity requests, requires or authorizes a public employee to perform regardless of the time and place of performance[.]" Wyo. Stat. Ann. § 1-39-103(a)(v). An employee's scope of duties is "'normally a question for the trier of fact and becomes one of law when only one reasonable inference can be drawn from the evidence[.]'" *Beus*, 143 F. App'x at 949 (quoting *Jung–Leonczynska v. Steup*, 782 P.2d 578, 582 (Wyo.1989)).

For example, in *Brockman v. Wyoming Dep't of Fam. Servs.*, 342 F.3d 1159, 1161 (10th Cir. 2003), the Plaintiff sued her former employer, the Wyoming Department of Family Services ("DFS") and several other employees of DFS in both their "individual and official capacities," raising, among other causes of action, claims for tort under Wyoming law related to her employment. However, the Tenth Circuit Court of Appeals held that as a matter of law the WGCA

immunized the DFS employees in their individual capacities from the plaintiff's tort claims, because "the acts alleged by [the plaintiff], even if true, were within the scope of duties of the various DFS employees." *Id.* at 1169. It reasoned that while the plaintiff "might believe that the individual defendants had ill intent in filing negative employment reports and making adverse decisions about her leave time, these are the routine actions of employee management and thus fall comfortably within the scope of their duties." *Id.*; *see also Beus,* 143 F. App'x at 949 ("Although Ms. Beus may feel that the conversations evidenced malice towards her, discussion of staffing concerns and personnel evaluations are routine aspects of employment and squarely fall within the scope of duties.")

Here, a close reading of the Complaint only levels allegations against the Individual Defendants for actions which can only be reasonably be inferred to have occurred within the scope of their duties at the Powell Police Department involving staffing and employment matters. As explained above, the allegations of Plaintiff's complaint assert that employment and personnel decisions fell within the scope of each of the individual Defendants' employment at the Powell Police Department. Although Plaintiff may ultimately believe that the individual Defendants' actions towards him were unlawful and were done with malice or ill intent, construing Plaintiff's own allegations as true, his termination nevertheless fell squarely within the scope of Eckerdt, Brando, and Thorington's official duties for employee management and staffing. Plaintiff also fails to allege, as noted above, that Defendant McCaslin had any direct role in Plaintiff's firing on January 7, 2022.

In sum, the Complaint raises no further specific factual allegations regarding tortious actions which the Individual Defendants committed outside the scope of their employment when Plaintiff was terminated. Nor does Plaintiff even make a conclusory allegation that Eckerdt,

McCaslin, Brando, and Thorington acted outside of the scope of their duties when Plaintiff was terminated. Therefore, the WGCA immunizes Defendants Eckerdt, McCaslin, Brando, and Thorington from any state-law tort claims made against them in their individual capacities, because they acted within the scope of their employment.

### 2.2 Civil Conspiracy

Finally, Plaintiff's Complaint asserts a claim for Civil Conspiracy against Defendants Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zack Thorington in either their official or their individual capacities, or both. (ECF No. 1 at 33.) The Individual Defendants argue that they are immune from any suit for civil conspiracy because they are immune from suit for any underlying tort. (ECF No. 11 at 17–18.) The Court agrees.

The Wyoming Supreme Court has made clear on more than one occasion that "a plaintiff cannot claim civil conspiracy or punitive damages without an underlying cause of action in tort." *White v. Shane Edeburn Constr., LLC*, 285 P.3d 949, 958 (Wyo. 2012); *Campbell v. Davidson*, 537 P.3d 734, 748 (Wyo. 2023) ("Because the Class Representatives cannot establish the Defendants committed fraud or conversion, they also cannot establish Defendants conspired to commit such torts."). Because Defendants Eckerdt, McCaslin, Brando, and Thorington are immune in both their official and individual capacities under the WGCA for all underlying tort claims brought by Plaintiff in the Complaint, Plaintiff has failed to state a claim for civil conspiracy because all his underlying tort claims have been dismissed. As such, Plaintiff's claim for civil conspiracy is likewise dismissed.

### CONCLUSION

For the foregoing reasons, Defendants Roy Eckerdt and Matt McCaslin's motion to dismiss filed in their individual capacities (ECF No. 13) is **GRANTED**. Likewise, Defendants' Tiffany

Brando and Zack Thorington's request to dismiss Plaintiff's claims against them in their individual capacities is also **GRANTED**. (ECF No. 11.)

**IT IS THEREFORE ORDERED** that the Defendants Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zack Thorington are hereby dismissed as Defendants in their individual or personal capacities from this case. Plaintiff's Thirteenth Claim for Relief for Civil Conspiracy is also dismissed with prejudice.

DATED: May 23rd, 2024.

Scott W. Skavdahl
United States District Judge