UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Plaintiff, | ) |
| | ) |
| RYAN DAVIS, an individual, | ) |
| | ) |
| v. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| THE CITY OF POWELL, WYOMING, and | ) |
| JOHN DOE(S) 1-10 | )   Case No. 23-CV-230-S |

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED VERIFIED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Officer Davis respectfully move the Court for leave to file the attached Amended Verified Complaint.

Based on additional facts and information provided by Defendants' own filings, Plaintiff seeks leave to amend the original Verified Complaint to amend allegations pertaining to Title VIII of the Civil Rights Act of 1964 and Americans with Disabilities Act 4 U.S.C. §§12101 *et al.*, .and Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§12101 *et al.*, Through the proposed Amended Verified Complaint, Plaintiff also seeks to streamline this action by withdrawing allegations pertaining to Free Speech Retaliation, Conspiracy to Interfere with Civil Rights, Violation of Substantive Due Process, Gross negligence or Willful or Wanton Misconduct, Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligence, Intentional Infliction of Emotional Distress, and Civil Conspiracy.

## I. PROCEDURAL BACKGROUND

Plaintiff filed the original Verified Complaint on December 5, 2023, alleging thirteen counts. After Motions to Dismiss filed by Defendants, the Court dismissed Count I and Count II as not being able to be brought under 42 U.S.C. §1983, the Court also dismissed multiple other claims leaving three counts consisting of Violation of Procedural Due Process under the 14th Amendment, Breach of Contract, and Promissory Estoppel.

## II. THE DEFENDANTS AND THEIR COMMON ENTERPRISE

### A. The Defendants

The five original Defendants include four Defendants in their official capacity and in their individual capacity and referred to as Roy Eckerdt, Chief of Police, Matt McCaslin, Police Lieutenant, Tiffany Brando, Human Resource director and City Clerk, and Zack Thorington, City Administrator as well as The City of Powell, Wyoming.

Through the proposed Amended Verified Complaint, Plaintiff has removed the four Defendants in their official capacity and in their individual capacity as the Court has dismissed them. Plaintiffs Verified Complaint will be against Defendant The City of Powell, Wyoming.

### B. Claims

Through case proceedings and Defendants' own filings, Plaintiff received additional facts and information requiring Counts I and Counts II to be corrected as not being able to be brought under 42 U.S.C. §§1983.

## III. THE AMENDED VERIFIED COMPLAINT

The facts and information detailed above warrant removing Defendants in their official capacity and their individual capacity, leaving Defendant The City of Powell,

Wyoming as the only Defendant. They also support Plaintiff's amendments, as described below.

### A.  **First Claim for Relief Amended to Title VII of the Civil Rights Acti of 1964 and Americans with Disabilities Act as Amended, 42 U.S.C. §§12101** *et al.*

The First Claim for Relief, which this Court dismissed as not being able to be brought under 42 U.S.C. § 1983 Wrongful Termination in Violation of, and as a Depravation of Rights, Under the Americans with Disabilities Act is amended to be brought under Title VII of the Civil Rights Act of 1964 and Americans with Disabilities Act as Amended, 42 U.S.C. §§12101 *et al.*

### B.  **Second Claim for Relief Amended to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§12101** *et al.*

The Second Claim for Relief, which this Court dismissed as not being able to be brought under 42 U.S.C. §1983, Retaliation under the Americans with Disabilities Act has been amended to be brought under Title IV of the Civil Rights Act of 1964 and 42 U.S.C. §§12101 *et a*l.

### IV.  LEGAL STANDARD AND ARGUMENT

Rule 15 provides that "a party may amend it pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Red. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28L.Ed.2d 77(1971) ("it is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a)(2) is within the discretion of the trial court."); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Lorenz v. CSX Corp*., 1 F.3d 1406, 1414 (3d Cir. 1993)). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allow or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc*., 663 F.2d 419, 425 (3d Cir. 1981) (citing *Foman*, 371 U.S. at 182). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor V. Pottsgrove Sch. Dist*., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Here, allowing Plaintiff to file the Amended Verified Complaint would serve justice and promote judicial efficiency. As detailed above, the Amended Verified Complaint removes four defendants, removes allegations of Wrongful Termination in Violation of, and as a Depravation of Rights, Under the Americans with Disabilities Act, Free Speech Retaliation, Conspiracy to Interfere with Civil Rights, Violation of Substantive Due Process, Gross Negligence of Willful of Wanton Misconduct, Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligence, Intentional Infliction of Emotional Distress, and Civil Conspiracy.

There is no undue delay, bad faith, or dilatory motive by Plaintiff. Plaintiff seeks to file the Amended Verified Complaint at the same time as the Memorandum in Support of Plaintiff's Motion for Leave to File Amended Verified Complaint.

Moreover, there will be no substantial or undue prejudice to the Defendants. The issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result

in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend, made after summary judgment was directed in favor of the non-moving party, in part because "the proposed amendment would essentially force the [non-moving party] to begin litigation the case again"); *cf. Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, Civil Action No. 13-4484, 2014 US. Dist. LEXIS 94259, at 14-15 (E.D. Pa. July 11, 2014) (finding that no undue prejudice exists where the factual basis for the amendments were know to the non-moving party and discovery had not yet concluded). Here, Plaintiff seeks to amend the pleadings to remove eight claims of relief and four Defendants. Given that discovery hasn't started, the time is ripe for the parties to develop these facts and narrow the issues for litigation.

Of note, Plaintiff amending Counts I and II, which were dismissed in whole, is not going to cause any additional cost or effort on Defendant's part as opposed to defending against the original claims of failure under the American with Disabilities Act. The power or law under which the claims can be brought has been updated. The facts and issues are the exact same.

Finally, there will be no futility resulting from Plaintiffs Amended Complaint. In the context of a motion to amend, "[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. *See, e.g., Massarsky v. General Motors Corp*. 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a [Rule 12(b)(6)] motion to dismiss."). Here, the Amended Verified Complaint states viable claims against Defendant The City of Powell, Wyoming.

## V. CONCLUSION

For these reasons, Plaintiff respectfully asks that the Court grant leave to file the attached Amended Verified Complaint and Other Equitable Relief. Attached is a proposed order.

DATED this ** day of ** 2024.

/s/ Daniel B. Wilkerson_____
Daniel B. Wilkerson, Bar No. 7-6415

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this ** day of ** 2023, the by following means:

| | |
|---|---|
| Thomas A. Thompson<br>Wyoming Local Government Liability Pool<br>tthompson@lglp.net | [X] EMAIL |
| | /s/ Jennifer M. Hieb_____<br>Jennifer M. Hieb, Paralegal<br>Wilkerson Law Group |