Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants City of Powell, Wyoming, Roy Eckerdt, and Matt McCaslin, in their official capacities, as to any federal law claims, and Tiffany Brando and Zack Thorington, both in their individual and official capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RYAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-CV-230-S |
| v. | ) | |
| | ) | |
| THE CITY OF POWELL, WYOMING, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED VERIFIED COMPLAINT AND FED. R. CIV P. RULE 12(F) MOTION TO STRIKE

COMES NOW the Defendant, City of Powell, Wyoming, (hereinafter "Defendant"), by and through its attorney, and submits its Response in Opposition to Plaintiff's Motion for Leave to File Amended Verified Complaint.

I. **Procedural history.**

Plaintiff filed his Verified Complaint on December 5, 2023 (ECF No. 1). Defendants City of Powell, Wyoming, Roy Eckerdt and Matt McCaslin in their official capacities, and Tiffany Brando and Zack Thorington in both their individual and official capacities filed their Motion to Dismiss (ECF No. 10). The Defendants sought to dismiss Plaintiff Ryan Davis's Complaint against them under Federal Rule of Civil Procedure 12(b)(6). The Defendants filed a memorandum of law in support of their motion to dismiss (ECF No. 11). Plaintiff filed a response (ECF No. 14), and the Defendants filed a reply (ECF No. 16). The Court considered the arguments, reviewed the record and granted in part and denied in party Defendants Motion to Dismiss. (See, Order Granting in Part and Denying in Part City Defendants' Motion to Dismiss, ECF No. 18). The Order dismissed "Plaintiff's federal claims for Wrongful Termination in Violation of 42 U.S.C. 1983 and the ADA; Retaliation under 42 U.S.C. § 1983 and the ADA; Violation of the First Amendment under 42 U.S.C. §1983; Conspiracy to Interfere with Civil Rights under 42 U.S.C. §1985; and Violation of Substantive Due Process under the Fourteenth Amendment and 42 U.S.C. §1983" for all Defendants, in either their "official" or "individual capacities" (ECF No. 18 at 36).

The Court's Order also held that "Additionally, Plaintiff's state tort claims for Gross Negligence or Willful or Wanton Misconduct, Breach of Implied Covenant of

Good Faith and Fair Dealing, Negligence, and Intentional Infliction of Emotional Distress against the City Defendants are also dismissed on the grounds of sovereign immunity under the Wyoming Governmental Claims Act. All claims against Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zack Thorington in their "official capacities" as well as Plaintiff's request for punitive damages are also dismissed." *Id.*

By separate Order this Court also granted a motion to dismiss filed by Defendants Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zach Thorington in their individual or personal capacities (ECF No. 19 at 12). Finally, this Court dismissed with prejudice Plaintiff's Thirteenth Claim for Relief for Civil Conspiracy. *Id.*

The only claims that this Court did not dismiss were Plaintiff's claims for Violation of Procedural Due Process under the Fourteenth Amendment and 42 U.S.C. § 1983, Breach of Contract, and Promissory Estoppel (ECF No. 18 at 36). By virtue of the Order the only remaining Defendant is the City of Powell.

Plaintiff now seeks leave of Court to file his Amended Complaint (ECF No. 23).

## II.     **Plaintiff failed to comply with U.S.D.C.L.R. Rule 15.1.**

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, a party "may amend its pleading only with the opposing party's written

consent or the court's leave The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). U.S.D.C.L.R. Rule 15.1 is titled "Motions to Amend." The Rule states as follows: "Motions to amend pleadings pursuant to Fed. R. Civ. P. 15(a) shall attach the proposed amended pleading along with a redlined version to show changes from the current pleading. The motion shall include a representation that movant conferred with the opposing party and whether or not the opposing party objects to the motion."

Plaintiff's Motion for Leave to File Amended Verified Complaint contains the following representation. "Plaintiff conferred with Defendant and provided Defendant with a copy of his Plaintiff's Motion for Leave to File Amended Verified Complaint, Memorandum in Support of Plaintiff's Motion for Leave to file Amended Verified Complaint and Amended Verified Complaint on the 4th day of June 2024. Defendant has failed to make his consent or objection know to Plaintiff." (ECF No. 23 at 2).

Counsel for the Plaintiff emailed counsel for the Defendant. Attached to that email were three documents, Plaintiff's Motion for Leave to File Amended Verified Complaint, Memorandum in Support of Plaintiff's Motin for Leave to File Amended Verified Complaint and Amended Verified Complaint. (See Exhibit A, attached hereto and incorporated herein by this reference). On June 5, 2024, counsel for the Defendant responded asking that Plaintiff's counsel send a redline version of the

amended complaint in compliance with USDCLR Rule 15. Plaintiff also pointed out that the ". . . amended complaint includes matters which have been dismissed by the court (i.e. deprivation of a liberty interest-procedural due process). Your amended complaint also includes allegations against individual defendants that have been dismissed from this matter. I will wait for your redlined version so that I can discuss with my client." *Id.* Counsel for the Defendant represents to the Court that counsel for the Plaintiff never provided Defendant with a redlined version of the amended complaint. Counsel for the Defendant was waiting for the redlined version of the Amended Complaint in order to discuss the same with his client for approval or objection. Even after counsel for the Defendant pointed out the issues with the Amended Complaint (references to dismissed parties and causes of action) the proposed Amended Complaint still contains allegation referring to individual defendants that have been dismissed from this action and allegations regarding causes of action that have been dismissed (ECF No. 25 at ¶¶ 8-11, 17, 27, 30-31, 37, 49, 51).

Plaintiff did not comply with the requirements of Rule 15, specifically Plaintiff did not provide Defendant with a redline version of said Amended Complaint for Defendant's objection or approval. Plaintiff did not have a meaningful "meet and confer" regarding defense counsel's request to remove allegations in the Amended Complaint that refer to parties and causes of action that have previously

been dismissed by the Court. Plaintiff has failed to comply with U.S.D.C.L.R. Rule 15 and his Motion to Amend should be denied due to his non-compliance.

### III. Rule 12(f)(2) Motion to Strike immaterial allegations, photos and exhibits.

Fed. R. Civ. P. Rule 8 provides the general rules of pleading. Rule 8(a)(2) states that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. Rule 12(f) provides that, "The court may strike from a pleading insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "By its express language, Rule 12(f)(2) applies only to material contained in pleadings—not to motions" and "can only be used to strike portions of pleadings." *Gardner v. Long*, No. 2:18-CV-00509, 2020 U.S. Dist. LEXIS 49023, 2020 WL 1325338, at *6 (D. Utah Mar. 20, 2020). Under Rule 12(f)(2), a court may strike portions of a pleading that are "redundant, immaterial, impertinent, or scandalous. . . ." The decision to grant a motion to strike is "within the discretion of the court." *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003).

Plaintiff's proposed Amended Complaint contains numerous immaterial allegations including reference to Plaintiff's military service and awards (¶ 20(a)-(e); photos of Plaintiff in a military uniform receiving a military award, a photo of his family (ECF No. 26 at 7); and news articles (ECF No. 26 at Exhibits B-E). Defendant objects to including these allegations, photos and exhibits in Plaintiff's Amended

Complaint as immaterial and moves to strike that portion of Plaintiff's proposed Amended Complaint as not in compliance with Fed. R. Civ. P. Rule 8. Defendant respectfully requests that if this Court allows Plaintiff to file an amended complaint that these referenced paragraphs, photos and exhibits be stricken by the Court.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Amend Complaint as not in compliance with U.S.D.C.L.R. 15.1. If this Court allows Plaintiff to file his Amended Complaint, Defendant respectfully requests that this Court strike the referenced paragraphs, photos and exhibits in Plaintiff's Amended Complaint as immaterial.

**DATED** this 20th day of June 2024.

/s/ Thomas A. Thompson
Thomas A. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 20th day of June 2024, by the following means:

Daniel B. Wilkerson                          [✓]CM/ECF/E-MAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com

/s/ MaryBeth Oatsvall
Wyoming Local Government Liability Pool

# Exhibit A:

E-mail June 4, 2024 and June 5, 2024


## Re: Davis v. City of Powell; Proposed Motion to Amend

1 message

---

**Tom Thompson** <tthompson@lglp.net>                                    Wed, Jun 5, 2024 at 8:21 AM
To: Daniel Wilkerson <daniel@rsiwy.com>
Cc: Jennifer Hieb <JenniferH@wilkersonlawgroup.com>, MaryBeth Oatsvall <moatsvall@lglp.net>

Daniel,
Would you please send me a redline version of your amended complaint in compliance with USDCLR Rule 15.1. Also, your amended complaint includes matters which have been dismissed by the court (i.e. deprivation of a liberty interest-procedural due process). Your amended complaint also includes allegations against individual defendants that have been dismissed from this matter. I will wait for your redlined version so that I can discuss with my client.

On Tue, Jun 4, 2024 at 3:54 PM Daniel Wilkerson <daniel@rsiwy.com> wrote:

Mr. Thompson,

I have prepared a motion to amend and an amended complaint on behalf of Officer Davis.  Under Rule 15, Officer Davis is required to to confer and ask whether or not your client will object to this motion. Please let me know whether or not your client objects to the motion to amend the complaint.

If you have any questions, please do not hesitate to reach out.

Thank you,

Daniel Wilkerson

--
Tom Thompson
Litigation Counsel
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, WY 82009
(307) 222-6533