FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 JUN 26 AM 4: 05

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RYAN DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF POWELL, WYOMING; and JOHN DOE(S) 1–10,<br><br>Defendants. | Case No. 23-CV-00230-S |

## ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Leave to File Amended Verified Complaint*. [Doc. 23]. Plaintiff filed this *Motion* on June 18, 2024, seeking to bring his claims in accordance with this Court's *Order Granting in Part and Denying in Part City Defendants' Motion to Dismiss*. [Doc. 18].

On the grounds of sovereign immunity, the *Order* dismissed Plaintiff's state tort claims for: Negligence; Gross Negligence; Willful or Wanton Misconduct; Breach of the Implied Covenant of Good Faith and Fair Dealing; and Intentional Infliction of Emotional Dismiss. *See generally id.* All claims against Mr. Eckerdt, Mr. McCaslin, Ms. Brando, and Mr. Thorington, in their "official capacities," were dismissed. *Id.* Plaintiff's claims for punitive damages were also dismissed. *Id.* Plaintiff's first two claims seeking relief pursuant to 42 U.S.C. § 1983 were dismissed, as § 1983 does not provide a cause of action

1

to enforce the Americans with Disabilities Act (ADA). Plaintiff's claims of violation of First Amendment rights were also dismissed, as were his claims of civil conspiracy under 42 U.S.C. § 1985 as well as substantive due process violations under the Fourteenth Amendment. This Court issued a companion Order Granting Individual Defendants' Motion to Dismiss [Doc. 19] which dismissed all of Plaintiff's claims asserted against the individually named Defendants. However, Plaintiff's claims for Procedural Due Process, breach of contract, and promissory estoppel survived.

## DISCUSSION

As stated above, it is apparent that Plaintiff has attempted to bring his *Complaint* into compliance with this Court's *Order* from May 23, 2024. [Doc. 18]. This included amending the First and Second Claims, to reflect that they are not being brought pursuant to 42 U.S.C. § 1983 and striking those Claims which were dismissed—the Third, Fourth, Fifth, Seventh, Tenth, Eleventh, Twelfth, and Thirteenth. Plaintiff further eliminated all Defendants, other than the City of Powell, including those previously named in their official and individual capacities.

### I. *Compliance with District of Wyoming Local Rule 15.1.*

As both parties recognize, motions to amend pleadings are regulated by Federal Rule of Civil Procedure 15(a), which allows amendments as either a matter of course or, if that required timeframe has passed, with either the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(1)–(2). The time for amending as a matter of course has passed and Defendant has objected to amendment. *Id.* It is therefore incumbent upon the Court as to whether to grant leave to amend. Fed. R. Civ. P. 15(a)(2). That Rule further

2

provides that "[t]he court should freely give leave when justice so requires." *Id.* The decision to allow amendment rests within the discretion of the Court, which may consider timeliness, prejudice, bad faith, and futility. *See Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642 (D. Kan. 2017); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Consideration of the above factors confirm that Plaintiff should be allowed to amend his *Complaint* at this early stage of the proceedings. With that in mind, there are problems with Plaintiff's request. Pursuant to District of Wyoming Local Rule 15.1, Plaintiff is required to confer with the opposing party and separately to provide a redlined version of their complaint with their motion. U.S.D.C.L.R. 15.1. While Plaintiff has filed both a redlined and non-redlined version of his proposed *Amended Verified Complaint*, review of the redlined version makes clear that it does not accurately reflect the pertinent changes. By itself, this inconsistency might be overlooked. However, there are other issues to consider.

To continue, the heading of the proposed *Amended Verified Complaint* reflects that the City of Powell and John Doe(s) 1–10 are the only remaining defendants, which is in accordance with Plaintiff's statements within his *Memorandum in Support* of this *Motion*. Yet, the body of the proposed *Amended Verified Complaint* still refers to those omitted persons as defendants. As such, the proposed *Amended Verified Complaint* makes allegations against persons not identified as parties in the caption. While this may be an oversight, it must be corrected prior to filing. Failure to correct this issue would result in the amendment being futile, as set forth in this Court's *Order Granting Individual*

3

*Defendants' Motion to Dismiss*. [Doc. 19]. Plaintiff did not alter his factual allegations, and thus the rationale in dismissing all the individual defendants remain valid.

Moreover, the proposed *Amended Verified Complaint* continues to allege a deprivation of a liberty interest. *See* [Doc. 23-2, at ¶¶ 67–68]. This Court previously found that Plaintiff failed to plead a valid deprivation of liberty claim. [Doc. 18, at 19–21]. Plaintiff has not pleaded any additional factual allegations that would support a deprivation of a liberty interest. Accordingly, the Court concludes that failure to correct this issue would result in amendment being futile.

## II.  **Defendant's Motion to Strike.**

Simultaneously, Defendant seeks to strike certain portions of Plaintiff's *Complaint*, which contains immaterial allegations. Plaintiff included information about his military service, military awards, and photographs of himself in his military uniform and himself with his family. In addition, he provided news articles about his hiring, his volunteer activity, as well as him receiving an award.

Federal Rule of Civil Procedure 8(a) reads:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's proposed *Amended Verified Complaint* cannot be described as "a short and plain statement," in the context of either Rule 8(a)(1) or (a)(2), as it includes substantial information which is immaterial to the asserted claims. In this sense, Defendant is correct that such information, articles, and photographs are simply extraneous to the *Complaint*. Since Plaintiff must redraft their complaint, the following allegations (based upon [Doc. 25]) shall be stricken as being immaterial:

- Paragraphs 20, 21, 32;
- All photos related to the aforementioned paragraphs; and
- Exhibits B, C, and E.

In addition, the Plaintiff should take into account the requirements of Rule 8(a)(1) and (a)(2) in its future drafting of his complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Leave to File Amended Verified Complaint* [Doc. 23] is **DENIED WITHOUT PREJUDICE**.

**DATED** this 26th day of June, 2024.

_____
Mark L. Carman
United States Magistrate Judge