Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendant City of Powell, Wyoming

Daniel Wilkerson
Wilkerson Law Group
P.O. Box 607
Gillette, Wyoming 82717-0607
(307) 686-6347
daniel@wilkersonlawgroup.com

Attorney for Plaintiff Ryan Davis

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RYAN DAVIS, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>THE CITY OF POWELL, WYOMING,<br><br>        Defendant. | Case No. 23-CV-230-S |

**JOINT CASE MANAGEMENT PLAN**

On July 3, 2024, counsel for the parties met and conferred regarding the *Joint Case Management Plan* filed herein, in preparation for the July 15, 2024, Initial Pretrial Conference. Accordingly, counsel for the parties provide the following to

supplement the prior filing:

1.  A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:**

a. Plaintiff: Ryan Davis of Powell, Wyoming

b. Defendant: City of Powell, Wyoming

2.  A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.   If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.  *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:** Plaintiff alleges a procedural due process claim pursuant to 42 U.S.C. § 1983, and state law claims of breach of contract and promissory estoppel.

3. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** N/A. Pursuant to Fed. R. Civ. P. 12(a)(4) the Defendant has been served and timely responded.

4. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** Neither party anticipates adding additional parties to the case. Plaintiff reserves the right to amend his Complaint as the matter progresses through discovery.

5. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** Both parties assert that there are issues that may be appropriate for decision on dispositive/partially dispositive motion or by agreement.

6. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:** The parties have agreed to exchange their Initial Disclosures prior to the initial pretrial conference in accordance with F.R.C.P. 26(a).

7. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:** Both parties anticipate sending written discovery, including interrogatories, requests for production and requests for admission. The parties have discussed scheduling fact witness deposition in September or October of 2024. Additional expert witness depositions, as well as additional or supplemental fact witness depositions will be taken at a later date. At this time there are no issues related to proportionality or discovery related to ESI. Additionally, there is not a need to limit discovery at this time.

8. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

  a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

      b.     A proposed deadline for the completion of fact discovery; and

      c.     A proposed date for trial.

**Response:** Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

      Plaintiff-November 15, 2024

      Defendants-December 30, 2024

      a.     A proposed deadline for the completion of fact discovery:

      January 3, 2025

      c.     A proposed date for trial.

The following full weeks are available for both Plaintiff and Defendant:

- June 2-6, 2025
- June 16-20, 2025
- June 23-27, 2025

9.     Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:** None at this time.

10.    The estimated length of trial and any suggestions for shortening the trial.

**Response:** Plaintiff anticipates 24 hours for the presentation of his case. Defendant anticipates 16 hours for the presentation of its case and affirmative defenses.

11. The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:** Fair

12. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** None at this time.

DATED this 3rd day of July 2024.

/s/ Thomas A. Thompson
Thomas A. Thompson

/s/ Daniel B. Wilkerson (*w/consent*)
Daniel B. Wilkerson

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 3rd day of July 2024, by the following means:

Daniel B. Wilkerson                    [✓] EMAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com
daniel@rsiwy.com
JenniferH@wilkersonlawgroup.com

/s/ MaryBeth Oatsvall
MaryBeth Oatsvall
Wyoming Local Government Liability Pool