Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendant City of Powell, Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RYAN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-CV-230-S |
| v. | ) |
| | ) |
| THE CITY OF POWELL, WYOMING, | ) |
| | ) |
| Defendant. | ) |

### STIPULATION MOTION OF THE PARTIES TO LIMIT EVIDENCE
### ON PLAINTIFF'S CLAIM OF EMOTIONAL DISTRESS AND DAMAGES

COMES NOW the Defendant, City of Powell, Wyoming, (hereinafter "Defendant"), and Ryan Davis, (hereinafter "Plaintiff"), by and through their respective attorneys, and hereby file with the Court this *Stipulation of the Parties to Limit Evidence on Plaintiff's Claim of Emotional Distress and Damages* (hereafter "Stipulation"). In support of said Stipulation the parties state as follows:

1. Plaintiff has asserted claims for various mental health conditions, which he alleges are causally related to his termination of employment with the Defendant.

2. In both his responses to written discovery, as well as by way of his deposition testimony, Plaintiff has argued that the alleged wrongful termination has affected his family and their emotional well-being. Specifically, Plaintiff has alleged that his wife and son have had to seek out mental health counseling.

3. Although counseling records exist for Plaintiff's wife and son, Plaintiff has failed and or refused to produce any counseling records, or mental health records concerning their treatment.

4. The Parties agree that it would be prejudicial to allow Plaintiff to provide or elicit testimony from any witness at trial concerning Plaintiff's wife or son's mental health condition without having provided Defendant the opportunity to review their counseling records, or mental health records.

5. The Parties agree that it would be prejudicial to allow Plaintiff to seek damages related to Plaintiff's wife or son's mental health condition without having provided Defendant the opportunity to review their counseling records, or mental health records.

6. Therefore, the Parties have stipulated to the entry of an order that prohibits the Plaintiff, or any witness called by the Plaintiff, to testify concerning Plaintiff's wife or son's mental health condition, or alleged mental injuries being related to Plaintiff's termination of employment with Defendant.

7. Furthermore, the Parties have stipulated that said order shall prohibit Plaintiff from seeking any damages related to costs of counseling, or mental injuries that may have been sustained by Plaintiff's wife or son.

8. Furthermore, the Parties have stipulated that Plaintiff shall not seek damages or elicit testimony that his wife and son's mental health counseling, or alleged mental injuries are recoverable as damages in this case.

WHEREFORE, the Parties respectfully requests that this Court enter an Order adopting the Parties Stipulation, as set forth herein and for such other and further relief as the Court deems appropriate under the circumstances.

**DATED** this 23rd day of December 2024.

/s/ Thomas A. Thompson
Thomas A. Thompson, Attorney for Defendant

/s/ Daniel B. Wilkerson
Daniel B. Wilkerson, Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 23rd day of December 2024, by the following means:

Daniel B. Wilkerson                                  [✓]CM/ECF/E-MAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com


                                                /s/ MaryBeth Oatsvall
                                                Wyoming Local Government Liability Pool