Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendant City of Powell, Wyoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RYAN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-CV-230-S |
| v. ) | |
| ) | |
| THE CITY OF POWELL, WYOMING, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S DAUBERT MOTION
TO EXCLUDE EXPERT OPINION AND EXPERT TESTIMONY**

### I.   PROCEDURAL BACKGROUND

Plaintiff filed his Verified Complaint on December 5, 2023 (ECF No. 1). Defendants City of Powell, Wyoming, Roy Eckerdt and Matt McCaslin in their official capacities, and Tiffany Brando and Zack Thorington in both their individual and official capacities filed their Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Complaint (ECF No. 10). The Court considered the arguments of the parties, reviewed the record and granted in part and denied in part Defendants' Motion to Dismiss. (See ECF No. 18). The order dismissed "Plaintiff's federal claims for Wrongful Termination in Violation of 42 U.S.C. 1983 and the ADA; Retaliation under 42 U.S.C. § 1983 and the ADA; Violation of the First

Amendment under 42 U.S.C. §1983; Conspiracy to Interfere with Civil Rights under 42 U.S.C. §1985; and Violation of Substantive Due Process under the Fourteenth Amendment and 42 U.S.C. §1983" for all Defendants, in either their "official" or "individual capacities." (ECF No. 18, p. 36).

The Court's order also held that "Additionally, Plaintiff's state tort claims for Gross Negligence or Willful or Wanton Misconduct, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, and Intentional Infliction of Emotional Distress against the City Defendants are also dismissed on the grounds of sovereign immunity under the Wyoming Governmental Claims Act. All claims against Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zack Thorington in their "official capacities" as well as Plaintiff's request for punitive damages are also dismissed." *Id*.

By separate order this Court also granted a motion to dismiss filed by Defendants Roy Eckerdt, Matt McCaslin, Tiffany Brando, and Zach Thorington in their individual or personal capacities (ECF No. 19, p. 12). Finally, this Court dismissed with prejudice Plaintiff's Thirteenth Claim for Relief for Civil Conspiracy. *Id.* The only claims that this Court did not dismiss were Plaintiff's claims for Violation of Procedural Due Process under the Fourteenth Amendment and 42 U.S.C. § 1983, Breach of Contract, and Promissory Estoppel (ECF No. 18, p. 36). By virtue of the Court's orders the only remaining Defendant is the City of Powell.

The Plaintiff sought and was granted leave of the Court to file an Amended Verified Complaint. Plaintiff's Amended Verified Complaint was filed July 15, 2024, and alleges five causes of action: Failure to Accommodate under the Americans with Disabilities Act

2

(ADA); a Retaliation claim under the ADA; Violation of Procedural Due Process; Breach of Contract and Promissory Estoppel.

## **PLAINTIFF'S RETAINED EXPERT**

Plaintiff has designated Kourtney Layton (hereinafter "Layton") as an expert witness and hired her to provide opinions and conclusions regarding whether Plaintiff is disabled pursuant to the ADA, as well as opine on actions taken by the City of Powell in relation to Plaintiff's Americans with Disabilities Act (ADA) claims. (ECF No. 42).

Page 1 of Layton's expert report outlines her qualifications and notes that she has "provided direct vocational rehabilitation counseling and job placement services for persons with disabilities for over 18 years. Plaintiff holds herself out to be a "Vocational Expert and Certified Rehabilitation Counselor and Evaluator with the Commission on Rehabilitation Counselor Certification" (ECF No. 42-1, p. 1). Layton does not list any medical training or expertise. Layton does not hold herself out to be a medical doctor, or a health care professional.

Layton's report is dated November 13, 2024, and notes that, "The case of Ryan Davis was referred for an Americans with Disabilities Act (ADA) evaluation in reference to his termination from The City of Powell, Wyoming on January 7, 2022." *Id.* at p. 3. Her report indicates that she interviewed Plaintiff on November 12, 2024. *Id.* Layton's report provides the following opinions and conclusions regarding Plaintiff's ADA claims.

- Plaintiff's COVID-19 or Long COVID met the definition of a person with a disability according to the Americans with Disabilities Act (ADA);

- As a result of his disability, the Plaintiff was entitled to the protections of the ADA;

- The City of Powell did not meet the employer obligations outlined by the ADA;

- The City of Powell did not participate in the interactive process;

- The City of Powell did not participate in providing Plaintiff a "reasonable accommodation" pursuant to the ADA.

(ECF. No. 42-1, p. 23).

Layton describes her methodology on page 5 of her report using the acronym RAPEL which she explains stands for Rehabilitation Plan; Access to the labor market; Placeability; Earning Capacity and Labor Force Participation (ECF No. 42-1, pp. 7-8). Layton does not provide any detail concerning what methodology she used for what she refers to as an Americans with Disabilities Act (ADA) evaluation.

## II.     APPLICABLE LEGAL STANDARD

The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 592, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238, 246 (1999).

The district court is the gatekeeper of expert witness testimony under Federal Rule of Evidence 702. *United States v. Lauder*, 409 F.3d 1254, 1262 (10th Cir. 2005). Expert testimony is evaluated under three Supreme Court cases: *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137; and

*General Electric Co. v. Joiner*, 522 U.S. 136. Under the Federal Rule of Evidence 702, the court must decide that the testimony of an expert witness is both reliable and relevant and will assist the trier of fact, before permitting the jury to hear such testimony. In determining this, the court should "assess the reasoning and methodology underlying the expert's opinion..." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 592-593). "An expert's scientific testimony must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Id*. at 1222 (quoting *Daubert*, 509 U.S. 590). *Daubert* listed four facts the court should consider when determining reliability of an expert witness's testimony: (1) whether the theory at issue can or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error; and (4) whether the theory has been accepted in the scientific community. *Daubert*, 509 U.S. 593-594.

After the court has determined that the witness's testimony is reliable, the court must then turn to whether the testimony will assist the trier of fact. *Daubert* also listed factors to consider when making this determination: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Daubert*, 509 U.S. 593. Federal Rule of Evidence 702 goes into further detail to require that the expert testimony "assist the trier of fact to understand and determine a fact in issue." *United States v. Muldrow*, 19 F.3d 1332, 1337 (10th Cir. 1994). Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

The district court must also consider whether the expert's opinion encroaches upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability. The Tenth Circuit Court of Appeals has recognized that:

> A witness cannot be allowed to give an opinion on a question of law. . . . In order to justify having courts resolve disputes between litigant, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . . To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.

*Specht v. Jensen*, 853 F.2d at 807.

Some confusion may arise under "Fed. R. Evid. 704, which allows witnesses to give their opinions on ultimate issues." *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988). "While testimony on ultimate facts is authorized under Rule 704, . . . testimony on ultimate questions of law is not favored." *Id.* at 808. "The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case. *Id.*

Defendant concedes that not all testimony regarding legal issues is inadmissible. "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Id.* at 809. "[A] witness may [also] properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is

6

couched in legal terms." *Id*. Thus, "an expert's testimony is proper under [Fed. R. Evid. 702] if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Id.* at 809-810.  But "when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Id*. at 810. "In no instance can a witness be permitted to define the law of the case." *Id.* Nor may a witness be "allowed to instruct the jury on how it should decide the case." *Id*. at 808. Such impermissible testimony is not helpful under Fed. R. Evid. 702.

### III.    ARGUMENT

**a. Layton's opinions are impermissible as they instruct the jury on the applicable law.**

Layton's report contains opinions on the ADA and allowing Layton to give those opinions would result in her instructing the jury on how it should decide the case. Specifically, her report contains legal opinions and conclusions which if allowed instruct the jury that the Plaintiff is disabled, and that the City of Powell has violated the ADA, both in regard to the interactive process and failing to provide Plaintiff with a reasonable accommodation to allow him to perform the essential functions of his job. To allow Layton to instruct the jury on the law would violate the basic concept that it is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge. Layton's opinions on whether the law has been violated should be prohibited. *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (an expert may not "state legal conclusions drawn by applying the law to the facts"); *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1004

(N.D. Okla. 2017) ("Expert testimony is likely inadmissible when the expert's testimony tracks the language of the legal principle or statute at issue or when terms employed have a specialized legal meaning.").

### b. Layton's expert designation does not support her as being qualified to opine on violations of the ADA.

Layton's expert designation indicates that she has experience in vocational rehabilitation counseling and job placement services. Layton holds herself out to be a "Vocational Expert and Certified Rehabilitation Counselor and Evaluator with the Commission on Rehabilitation Counselor Certification. Layton does not indicate that she has ever received any formal training, through continuing education or a seminar, on the ADA. She does not appear to have authored any articles or papers on the ADA. Layton does not appear to have lectured or taught any seminars on the ADA. Furthermore, Layton's report does not indicate that she has ever provided expert testimony regarding the ADA. Layton does not have sufficient qualifications to opine on the ADA, or an employer's requirements under the ADA. Layton's opinions regarding the ADA appear nothing more than a recitation of the language found in the ADA and do nothing to "assist the trier of fact to understand and determine a fact in issue." *United States v. Muldrow*, 19 F.3d 1332, 1337 (10th Cir. 1994).

### c. Layton's report is neither relevant, nor does it sufficiently explain her methodology.

The first sentence in Layton's report under "Methodology" states: "The methodology for conducting vocational evaluations in employment analysis cases is similar to vocational evaluations in general rehabilitation case work and other litigated

8

venues." Layton's report goes on to state that RAPEL is described as a "comprehensive approach which includes all elements needed to determine loss of access, loss of earnings capacity, future medical care, work life expectancy, rehabilitation plan, placeability and employability factors". (ECF No. 42-1, page 7). Layton's report also includes the following:

> "In addition to the aforementioned methodologies, the fundamental concepts regarding clinical judgment have also been applied to this evaluation. Clinical judgment is defined as the final opinion that is predicated on valid, reliable and relevant foundation information and data that are scientifically established and generally accepted withing the professional community." *Id.* at page 9.

If the methodology relied upon by Layton in her report is based on clinical experience, she does not explain in her report how her clinical experience led to her opinions on the ADA. "Expert testimony based on experience alone must reveal how the experience led to the expert's conclusion, why the experience is a 'sufficient basis for the opinion,' and how the experience was reliably applied." United States v. Martinez, 88 F.4th 1310, 1314 (10th Cir. 2023) (quoting United States v. Medina-Copete, 757 F.3d 1092, 1104 (10th Cir. 2014)).

If Layton's report is intended to be a vocational evaluation, it is not relevant to the ADA claims made by the Plaintiff. "Even if an expert's proffered evidence is . . . valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has a relevant "fit." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2005).

Layton's report is neither relevant nor does it explain her methodology. Her report contains inadmissible legal conclusions on the City of Powell's alleged violations of the ADA. Expert opinion that is not based on reliable methodology is not admissible at trial. *See United States v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2012); *United States v. Avitia-Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012).

## IV.    CONCLUSION

Allowing Layton to testify at trial consistent with her opinions as contained in her report invade the province of the judge in instructing the jury on the applicable law and are impermissible. Furthermore, Layton's expert designation does not provide sufficient qualifications to support her ADA opinions. Finally, Layton's methodology, although arguably proper for a vocational rehabilitation or placement context, is neither reliable, nor relevant in the context of the ADA claims made in this case. Layton's opinions do nothing to assist the trier of fact regarding Plaintiff's ADA claims and will likely lead the jury to be confused or misunderstand the applicable law. For the foregoing reasons, the Defendant respectfully requests that this Court exclude Layton's expert witness opinions regarding Plaintiff's ADA claims as contained in her expert report and further prohibit Plaintiff from calling Layton as a witness to offer those opinions at trial.

**DATED** this 20th day of February 2025.

/s/ *Thomas A. Thompson*
Thomas A. Thompson

## CERTIFICATE OF SERVICE

  I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 20th day of February, by the following means:

Daniel B. Wilkerson        [✓] CM/ECF/E-MAIL
Wilkerson Law Group
infowy@wilkersonlawgroup.com

         /s/ *MaryBeth Oatsvall*
         Wyoming Local Government Liability Pool