UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Plaintiff, ) | |
| ) | |
| RYAN DAVIS, an individual, ) | |
| ) | |
| v. ) | Case No. 23-CV-230-S |
| ) | |
| Defendant, ) | |
| ) | |
| THE CITY OF POWELL, WYOMING | |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION OF DEFENDANT'S DAUBERT MOTION TO EXCLUDE EXPERT OPINION AND EXPERT TESTIMONY

Plaintiff, Officer Davis, respectfully submits this Memorandum in Opposition to Defendant's Daubert Motion to Exclude Expert Opinion and Expert Testimony.

## I.     INTRODUCTION

Officer Ryan Davis has brought this case against the Defendant, The City of Powell, Wyoming with claims including the claim of violation of his rights under the American with Disabilities Act (ADA). Officer Davis has offered Kourtney Layton (Layton) as an expert witness.

## II.     STANDARD

Federal Rule of Evidence 702 governs expert Testimony: A witness who is qualified as an expert by knowledge, skill, training or education may testify to their opinion if their specialized knowledge will help the trier of fact to understand evidence or determine a fact in

Page 1 of 4
Davis v City of Powell Wyoming *et al.*
Plaintiff's Memorandum in Opposition of Defendant's Daubert Motion to Exclude Expert Opinion and Expert Testimony

issue; their testimony is based on sufficient facts or data; their testimony is based on reliable principles and methods, and the they have reliably applied the principles and methods to the facts of the case.

A district court has wide discretion in determining whether a witness's experience is sufficient to qualify her as an expert. *Ronwin v. Bayer Corp.,* 332 F. App'x 508, 512-13 (10th Cir. 2009). Rule 702 reflects a liberalized approach to the admissibility of expert testimony, and trial courts have substantial latitude to determine whether offered expert opinions are reliable. *McGuire v. Davidson Man. Copr,* 238 F.Supp.2d 1096, 100 (N.D. Iowa 2003). Rule 702 is a rule of admissibility rather than exclusion. *Id.* Trial courts should apply the principle that expert testimony is admissible if it is reliable and will help the jury understand the evidence or determine a fact, and doubts regarding an expert's testimony should generally be resolved in favor of admissibility. *Id.*

### III.   AGRUMENT

**a. Ms. Layton's Opinions**

Ms. Layton's testimony does not, and is not intended to, offer legal conclusions. Ms. Layton will not be offering an opinion on the ultimate issue because that is for the jury and this Court to resolve. Ms. Layton will not be telling the jury what the law is. Instead, she will be taking facts she has learned and giving her opinion on what that means as applied to standards. She will be applying facts to the law, meaning, giving evidence. While her testimony may address the law, she is not telling the jury what the law is.

**b. Ms. Layton is qualified to speak to the ADA.**

In response to Defendant's Daubert Motion, Officer Ryan Davis filed Plaintiff's Supplemental Expert Witness Kortney Layton Qualification Documentation (ECF No. 56) with Declaration of Kortney Layton being submitted to the Court, which declaration further explains Ms. Layton's credentials, qualifications, and the RAPEL Methodology applied to ADA compliance and violations.

### c. The methodology Ms. Layton relies on is well-established, recognized, peer-reviewed, and Ms. Layton has explained how she applies it to the ADA.

In response to Defendant's Daubert Motion, a Declaration of Kortney Layton is being submitted to the Court, which declaration further explains Ms. Layton's credentials, qualifications, and the RAPEL Methodology applied to ADA compliance and violations.

RAPEL is a standardized methodology that is commonly used, has been peer reviewed numerous times, is widely accepted, and courts have recognized it as valid. *Rios v. Ramage,* WL 2255050 at ¶8 (D. Kan. 2021).

## CONCLUSION

Ms. Layton is sufficiently qualified to provide opinions concerning the ADA. Her methodology is reliable and well-established. She will be applying facts to standards that she well-versed in. For the foregoing reasons, Plaintiff respectfully requests that Ms. Layton's report and testimony be permitted.

DATED March 11, 2025

/s/ Daniel B. Wilkerson
Daniel B. Wilkerson, Bar No. 7-6415

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served on March 11, 2025 the by following means:

| | |
|---|---|
| Thomas A. Thompson<br>Wyoming Local Government Liability Pool<br>tthompson@lglp.net | [X] EMAIL<br><br>/s/ Jennifer M. Hieb_____<br>Jennifer M. Hieb, Paralegal<br>Wilkerson Law Group |