Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendant City of Powell, Wyoming

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |  |
|---|---|---|
| RYAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-CV-230-S |
| v. | ) | |
| | ) | |
| THE CITY OF POWELL, WYOMING, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, City of Powell, Wyoming, (hereinafter "Defendant"), by and through its attorney, and submits its Reply Brief in Support of Defendant's Motion for Summary Judgment.

## 1. Plaintiff's response brief fails to comply with U.S.D.C.L.R. 7.1

Plaintiff's Memorandum in Opposition of Defendant's Motion for Summary Judgment (ECF No. 58) fails to comply with U.S.D.C.L.R. 7.1(b)(2)(D) which in part states as follows:

> (D) <u>Summary Judgment Motions</u>.  The moving party's brief must set out a statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.
>
> The response brief must contain a statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must state the number of the movant's fact that is disputed and must refer with particularity either to (1) those portions of the record upon which the non-movant relies or (2) the portion of the party's argument showing that the materials the movant cited do not establish the absence of a genuine dispute. All material facts set forth in the moving party's brief may be deemed undisputed unless specifically controverted.  The response brief may set forth additional facts other than those which respond to the movant's brief which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.
> . . .

Plaintiff's Memorandum in Opposition does not ". . . contain a statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist." This Court has held that, counsel and pro se parties must strictly comply with the requirements of U.S.D.C.L.R. 7.1. "Motions that do not comply with these requirements are subject to being stricken or denied without

further notice or hearing." *Zahmoul v. NBH Bank*, No. 22-CV-221-ABJ, 2023 U.S. Dist. LEXIS 103926 at *10 (D. Wyo. Jan. 23, 2023).

U.S.D.C.L.R. 7.1(b)(2)(D) also provides that, "[a]ll material facts set forth in the moving party's brief may be deemed undisputed unless specifically controverted." Defendant requests that this Court find that the Plaintiff has failed to comply with U.S.D.C.L.R. 7.1(b)(2)(D) and deem all material facts set forth in Defendant's Brief in Support of Motion for Summary Judgment (ECF No. 51) undisputed. In the alternative Defendant requests that the Court strike Plaintiff's Memorandum in Opposition without further notice or hearing, for failure to comply with U.S.D.C.L.R. 7.1(b)(2)(D).

**2. A statement of those facts set forth in Plaintiff's response brief which the movant disputes or to which the movant asserts an objection.**

Defendant asserts that there are no issues of material facts which would preclude this Court from granting Defendant's Motion for Summary Judgment. However, in compliance with U.S.D.C.L.R. 7.1(b)(2)(D), Defendant responds to Plaintiff's statement of material facts as follows:

<u>Material Facts from Response Brief</u>

1. Defendant objects as this statement of fact are not supported by reference to the record, but by reference to the pleadings. (ECF No. 34, Complaint).

2. Defendant does not object to Exhibit A.

3. Defendant objects as this statement of fact are not supported by reference to the record, but by reference to the pleadings. (ECF No. 34).

4. Defendant objects as this statement of fact are not supported by reference to the record, but by reference to the pleadings. (ECF No. 34).

5. Defendant does not dispute that Plaintiff was diagnosed with COVID in October of 2021. Defendant objects to the remainder of paragraph 5 as that statement of facts is not supported by reference to the record, but by reference to the pleadings. (ECF No. 34).

6. Defendant objects to that portion of paragraph 6 which references Dr. Christensen as saying that Plaintiff's COVID might never be resolved. That statement of fact is not supported by Plaintiff's reference to Dr. Christensen's deposition transcript.

7. Defendant objects to that portion of paragraph 7 which references Dr. Kelly treating Plaintiff six times for medical visits between November 2021 and June 2022. That statement of fact is not supported by Plaintiff's reference to Dr. Kelly's deposition transcript.

8. Defendant disputes paragraph 8(a) through (g) references to Plaintiff having an impairment, or disability, or condition that affected one or more of his major life activities as not supported by proper reference to the record. Employees of the City of Powell testified that they were aware that Plaintiff was on Workers' Compensation after being diagnosed with COVID. (ECF No. 51, p. 9 at ¶ 30). Defendant objects to 8(h) as this statement of fact is not supported by reference to the record, but by reference to the pleadings. (ECF No. 34).

9. Defendant does not dispute Plaintiff's reference to Brando's deposition testimony.

10. Defendant does not dispute Plaintiff's reference to Brando's deposition testimony.

### 3. Plaintiff's response brief fails to comply with Fed. R. Civ. P. Rule 56(c)(1).

Fed. R. Civ. P. Rule 56(c) states as follows:

> Rule 56. Summary Judgment

> . . .
>
> (c) Procedures.
>
>> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiff's Memorandum in Opposition of Defendant's Motion for Summary Judgment (ECF No. 58) repeatedly attempts to support factual assertions by citation to the Amended Complaint (ECF No. 34). However, reliance upon the pleadings is not sufficient to create an issue of material fact in support Plaintiff's opposition to Defendant's motion for summary judgment. "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

> In the summary judgment context, when a party fails to provide the district court with specific citations to relevant evidence—as Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure requires—we do not require the district court to search the record itself to uncover relevant materials. *Murphy v. City of Tulsa*, 950 F.3d 641, 645 (10th Cir. 2019) (quoting *Adler*, 144 F.3d at 162) (holding that we will not reverse

based on materials that the parties did not properly present to the district court); see also *Adler*, 144 F.3d at 672 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996); *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024-25 (10th Cir. 1992); *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978)) (holding that a party must meet its burden by making its case through references to the record).

*Behav. Med. Consulting, Ltd. Liab. Co. v. CHG Co., Inc.*, No. 23-4047, 2024 U.S. App. LEXIS 23799 (10th Cir. Sep. 19, 2024).

Defendant asserts that this Court should disregard Plaintiff's legal arguments which rely upon factual assertions supported only by the pleadings, rather than supported "by[] citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

**4. Plaintiff's response brief ignores Defendant's ADA arguments.**

Plaintiff's response brief argues that Plaintiff's COVID was not transitory or minor. (ECF No. 58, p. 6). If true, Plaintiff did not have an expected return-to-work date when he would be able to perform the essential functions of his job as a police officer for the City of Powell. There is no evidence that Dr. Kelly, Plaintiff's cardiologist ever released Plaintiff to return to work as a police officer. Plaintiff cannot have it both ways, arguing on the one hand that the City should have waited an additional three months when Plaintiff would have been able to return to work, and arguing on the other hand that Plaintiff never recovered from his COVID

diagnosis. Plaintiff is left with either a transitory and minor condition, or a vague and uncertain return-to-work date that does not suffice to meet the expected duration requirement. *Freeman v. City of Cheyenne*, No. 23-8022, 2024 U.S. App. LEXIS 2883, 2024 WL 464069, at *11 (10th Cir. Feb. 7, 2024), citing *Punt, Cisneros, and Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167 (10th Cir. 1996). In either case, Plaintiff's argument fails.

Plaintiff's brief references his Complaint to support a request for light duty. (ECF No. 58, p. 7). Plaintiff goes on to argue that Plaintiff "probably was otherwise qualified for" light duty or extra duties. *Id.* It is undisputed that Plaintiff never presented Powell with a return-to-work release. (ECF No. 51, p. 21, citing to Exhibit C, p. 97, Lines 12-24; p. 104, Lines 7-18). Plaintiff makes no allegation, and the record is devoid of any competent evidence that as of January 7, 2022, when Plaintiff was terminated that he could perform his job as a police officer, with or without a "reasonable accommodation." In fact, at the January 7, 2022, meeting Plaintiff stated that he could not get his doctor to release him to return to work.

Regardless of whether Defendant had light duty available, as of January 2022 Plaintiff was never released to work in any capacity and there is nothing in the record to support Plaintiff's argument that he could perform the essential functions of his job. (ECF No. 51, p. 21, citing to Exhibit K, p. 12, Lines 19-25; p. 13, Lines 1-10).

### 5. Plaintiff's breach of contract claim is not supported by the record.

Plaintiff's brief contains a reference to the City guaranteeing Plaintiff employment with satisfactory marks. (ECF No. 58, p. 11). However, this argument that the City guaranteed Plaintiff continued employment is not supported by anything in the record. Plaintiff instead references allegations in Plaintiff's Amended Complaint. Plaintiff's brief concludes this argument by stating, "[i]t is reasonable for Officer Davis to claim that he felt pretty sure of continued employment, and that based on the conduct of the City of Powell he had no doubt he would continue but for him being wrongfully terminated." *Id.* Plaintiff's claim of breach of contract should be dismissed as his argument lacks cogent argument or factual support.

### 6. Plaintiff's procedural due process claim misstates the record.

Without any citation to the record, or factual support Plaintiff alleges that he was subject to due process under the "Wyoming Civil Service Statute, Wyo. Stat. Ann section 15-5-112(cc)(ii)." *Id.* As set forth in the attached Affidavit of Zachary "Zach" Thorington, the City of Powell has not established a police department civil service commission as defined by W.S. § 15-5-101, or a police department personnel system as described by W.S. § 15-5-102(b). (Exhibit V, Affidavit of Zachary Thorington). Plaintiff's brief provides no factual support for this argument, and nothing controverts the undisputed facts set forth in Defendant's Brief in Support of

Motion for Summary Judgment that Plaintiff was hired as an at-will probationary employee for the City of Powell. (ECF No. 51, pp. 3-6).

### 7. Plaintiff fails to address Powell's "at-will" disclaimer.

Plaintiff does not address the Wyoming Supreme Court holding that a conspicuous disclaimer that indicates "at-will" employment defeats a promissory estoppel claim because such a disclaimer makes it unreasonable for an employee to rely on any subsequent understanding that her employment would be anything other than at will. *Loghry v. Unicover Corp.,* 927 P.2d 706, 711 (Wyo. 1996).

In this case, the evidence supports that the Plaintiff was an "at-will" employee. Plaintiff had actual knowledge of his "at-will" employment status. The Personnel Guidelines contained both the "at-will" provision and the provision that explained that Powell would not be obligated by any oral statements or promises that were inconsistent with the Personnel Guidelines.

This Court should hold that Plaintiff could not have reasonably relied upon any statements or practices that indicated that he was anything other than an at-will employee and that Defendant City of Powell is entitled to a summary judgment as a matter of law on this issue.

WHEREFORE, Defendant respectfully requests that this grant Defendant's Motion for Summary Judgment and for such other and further relief as the Court deems appropriate under the circumstances.

**DATED** this 17th day of March 2025.

/s/ *Thomas A. Thompson*
Thomas A. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 17th day of March 2025, by the following means:

Daniel B. Wilkerson                                      [✓] CM/ECF
Wilkerson Law Group
infowy@wilkersonlawgroup.com

/s/ *MaryBeth Oatsvall*
Wyoming Local Government Liability Pool