Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendant City of Powell, Wyoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RYAN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-CV-230-S |
| v. ) | |
| ) | |
| THE CITY OF POWELL, WYOMING, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S DAUBERT MOTION TO EXCLUDE EXPERT OPINION AND EXPERT TESTIMONY**

COMES NOW the Defendant, City of Powell, Wyoming, (hereinafter "Defendant"), by and through its attorney, and submits its Reply in Support of Defendant's Daubert Motion to Exclude Expert Opinion and Expert Testimony. (ECF No. 53). Plaintiff filed Plaintiff's Memorandum in Opposition of Defendant's Daubert Motion to Exclude Expert Opinion and Expert Testimony (ECF No. 57) and also filed Plaintiff's Supplemental Expert Witness Qualification Documentation

(ECF No. 56). In Plaintiff's Memorandum in Opposition of Defendant's Daubert Motion to Exclude Expert Opinion and Expert Testimony, Plaintiff specifically incorporates Plaintiff's Supplemental Expert Witness Qualification Documentation (ECF No. 56) to explain Kourtney Layton's "credentials, qualifications, and the RAPEL Methodology applied to ADA compliance and violation." Defendant asserts that Plaintiff's supplemental designation was untimely, not in accordance with this Court's Initial Pretrial Order and cannot now be used as an end around attempt to defeat Defendants Daubert motion to strike. In support of its reply, Defendant states and alleges as follows.

**1. Plaintiff's Supplemental Expert Designation is untimely.**

The Initial Pretrial Order in this matter was filed on July 16, 2024. (ECF No. 35). The Initial Pretrial Order provides that Plaintiff's Expert Designation was to be made by November 25, 2024. *Id.* at page 4. Plaintiff's Designation of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2) was filed on November 22, 2024. (ECF No. 42). In his designation of expert witnesses, Plaintiff designated retained expert Kourtney Layton. *Id.*

On February 20, 2025, Defendant filed its Daubert Motion to Exclude Expert Opinion and Expert Testimony. (ECF No. 53). This motion was directed to Plaintiff's retained expert and her qualifications, opinions and methodology as set forth in her report. Defendant objected to Layton's opinions as impermissible since they

instructed the jury on the applicable law, objected to Layton's opinions as her expert designation did not support her being qualified to opine on violations of the ADA, and asserted that Layton's report did not sufficiently explain her methodology. *Id.* at 7-10.

On March 11, 2025, more than three months after he filed his expert designation and in an apparent attempt to defeat Defendant's Daubert Motion, Plaintiff filed his Supplemental Expert Witness Qualification Documentation (ECF No. 56). It is evident that Plaintiff's supplemental pleading is an attempt to cure the deficiencies in Plaintiff's expert designation that were brought to light in Defendant's Daubert motion. However, Plaintiff's supplemental report is untimely and should not be allowed to be incorporated into Plaintiff's Response to Defendant's Daubert Motion.

### 2. Plaintiff's supplemental designation was not justified or harmless and was filed without permission of the Court and not in compliance with Rule 26(a)(2)(B).

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, an expert report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* An expert witness who must provide a written report must provide all the items stipulated to satisfy Rule 26(a)(2)(B). If an expert witness designation fails to meet the requirement of Rule 26(a)(2)(B), Rule 37(c) provides that the witness may not be used by that party to supply evidence "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). There is no explanation in Plaintiff's Supplemental Expert Witness Qualification that would explain its late filing, or that said late filing was justified or harmless. Furthermore, the record does not contain any pleading filed by Plaintiff requesting leave of the Court to file a Supplemental Expert Witness Qualification. Plaintiff presents no argument that would excuse the late filing of his supplemental expert report.

When faced with objection to an incomplete designation this Court has held as follows:

> When determining whether a failure was substantially justified or harmless, the Court applies the Woodworker's four factor test. See *Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Court weighs the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id*. The "burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). While Rule 37(c)(1) is written in mandatory terms, it also vests the court with broad discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed.

*Talcott v. United States*, 2021 U.S. Dist. LEXIS 256070 (D. Wyo., June 15, 2021).

Plaintiff has failed to provide any explanation or excuse for his late filing of the supplemental expert report. Defendant chose not to retain an expert to counter Plaintiff's expert designation based on the report filed by Layton. This Court should not consider Plaintiff's supplemental expert report in support of Plaintiff's Memorandum in Opposition to Plaintiff's Daubert Motion as it is both prejudicial and untimely.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Daubert motion to exclude expert testimony and expert opinions of Kourtney Layton and for such other and further relief as the Court deems appropriate under the circumstances.

**DATED** this 17th day of March 2025.

/s/ *Thomas A. Thompson*
Thomas A. Thompson

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and the foregoing was served this 17th day of March 2025, by the following means:

Daniel B. Wilkerson                     [✓]CM/ECF
Wilkerson Law Group
infowy@wilkersonlawgroup.com

/s/ *MaryBeth Oatsvall*
Wyoming Local Government Liability Pool